HOT SPRINGS RAILROAD COMPANY v. NEWMAN.

1. NEGLIGENCE: *Injury to stock from running of train.*
   Where stock, in fright of a running train, runs upon a culvert instead of leaving the track, and is injured by a fall, the parties in charge of the train are not guilty of negligence for not stopping it before the injury occurred, if it was not to have been foreseen or anticipated by them as a natural or probable consequence of not stopping, that the stock would attempt to pass over the culvert, or be injured.

2. SAME: *What it is.*
   Culpable negligence is the omission to do something which a reasonable, prudent and honest man would do, or the doing something which such a man would not do, under all the circumstances surrounding each particular case.

3. SAME: *Proof to be made by injured party.*
   He who seeks a recovery for an injury caused by the alleged negligence of the defendant, must prove, not only that he has suffered loss by the defendant's act or omission, but also that the act or omission was a violation of duty required of him.

APPEAL from *Garland* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

REPORTER'S STATEMENT.

On the eighth day of April, 1878, Newman recovered judgment against the appellant, before a justice of the

peace of Hot Spring county, for damages for crippling a cow by negligence in running its train; from which the appellant appealed to the circuit court.

In the circuit court the cause was submitted to the court sitting as a jury, upon the following evidence:

Julia Keech, witness for the plaintiff, testified that she was in her house about 100 yards from the culvert on the railroad; heard the train whistle; went to the door to see what was on the road, and just as she got to the door she saw a cow fall off the track after making an effort or two to get up. Saw another cow fall on the culvert, which remained there until lifted out. It then ran off apparently uninjured. The first that fell off acted as though her leg was broken. The cars were backing when witness first noticed them near the culvert. Some bushes were between her and the cars. This was about 11 o'clock a. m., twentieth of March, 1878.

Newman testified that the cow belonged to. him. He saw her the evening of the twentieth of March, 1878. Her hind leg was broken—apparently freshly done. He splintered the leg, but it finally came off.

The cow was proven to be worth twenty dollars.

John Bartholomew, witness for the defendant, testified that he was on the train at the time of the injury to the cow. He heard the danger whistle of the train, and looked out and saw some cattle running on the track ahead of the train. Some ran off the track. The train had lessened its speed and was running slowly. It did not stop, but continued running slowly and within the control of the engineer. Two of the cattle kept running forward on the track and seemed not inclined to leave it. The snow was eight or ten inches deep. One of them fell in the culvert on the left-hand side of the track; the injured one fell in the culvert on the right-hand side of the track and arose

·with difficulty and either jumped· or fell off the culvert and moved off on three legs. The road track was clear for about 300 yards from the culvert on the side the train was running. The culvert was built on timbers with cross-ties about two feet apart. It is about eight or ten feet in length. The car did not hit either of the cattle. The train did not back any, but kept running forward until within about fifty·feet of the culvert, and there stopped. We lifted the cow on the left-hand side of the culvert off, and she went off apparently unhurt. The train, when running at its usual speed, could be brought to a perfect stop in the distance of about forty feet.

Two other witnesses for the defendant testified the same as Bartholomew, except that one of them said the train could be stopped in twenty feet.

The defendant asked the following declaration of law, which the court refused:

"If the employees in charge of the defendant's train, when they discovered the stock on the track, immediately sounded the alarm signal for the purpose of driving them off the track, and slackened the speed of the train so as to keep it under control, and continued to run slowly and sound said whistle until the injured stock was driven from the track, and received the injury in getting off the track, then the defendant is ·not liable and the plaintiff can not recover in this action."

The court found the facts for the plaintiff, and rendered judgment against the defendant for .twenty dollars damages, and cost; and after motion for new trial overruled, it filed its bill of exceptions and appealed to this court.

*J. M. Moore,* for appellants:.

Appellant not bound to maintain its track with regard

to safety of cattle, where there was no crossing. *Shearman & Red. on Neg.*, sec. 444, *et seq.*

Nor for injury to animals by fright. 1 *Red. on R'ys., p.* 499, sec. 14..

*Hugh McCallum,* for appellees:

Demurrer covering some grounds, is waiver of a previous motion to dismiss. 2 *Ark.,* 459; 1 *Eng.,* 92; 30 *Ark.,* 591.

The written statement filed was sufficient. 23 *Ark.,* 152. Demurrer and motion waived by going to trial. 28 *Ark.,* 450; 30 *ib.,* 591.

Exception must point out the error complained of. 17 *Ark.,* 475; 2 *Eng.,* 450.

Appellant liable for damage resulting from want of due care in doing a lawful act. 16 *Ark.,* 326; 1 *Addison on Torts (by Wood),* sec. 33; *ib., pp.* 4, 5, 6, 7, 8 *and note* 1 *to p.* 4; also, *pp.* 41, 42, *notes;* 22 *N. Y.* (8 *Smith*), 209. Cattle not trespassers on uninclosed grounds. 16 *Ark.,* 319, *and cases cited.*

Action brought under *Act of* 1874–5, *p.* 133, *Art. XVII,* sec. 12, *Const. of* 1874. Under these, due care no defense. Liability is absolute.

Presumption in favor of judgment. 12 *Ark.,* 638; 23 *ib.,* 24.

HARRISON, J. There was no proof of any hindrance or impediment in the way of the cow's getting off the track, or of any facts or circumstances from which the persons in charge of the train might have foreseen, as a probable consequence of not sooner stopping the train, an injury to her, or that she would, in her fright, attempt to pass over the culvert, and not go off the track as the other cattle had done. For anything appearing to the contrary, egress from

the track at the culvert was as possible and safe as where the others left it.

Though the injury might not have happened if the train had been sooner stopped; yet, if it was not to have been foreseen or anticipated by the person in charge of it, as a natural or probable consequence of not stopping sooner, that the cows would attempt to pass over the culvert, or be injured, and which they, as persons of ordinary care and prudence, should have guarded against, negligence can not be imputed to them, or the defendant. "Culpable negligence is the omission to do something which a reasonable, prudent and honest man would do, or the doing something which such a man would not do, under all the circumstances surrounding each particular case." *Shear. & Redf. on Negligence, sec. 7.*

He who seeks a recovery for an injury caused by the alleged negligence of the defendant, must not only prove that he has suffered loss by the defendant's act, or omission, but, also, that the act or omission was a violation of a duty required of him. (*Ib., sec. 12*). We do not think the evidence sustained the finding of negligence.

As there was, as we think, no proof of negligence, the declaration of law asked by the defendant, which the court declined to make, should have been made.

The judgment is reversed, and the cause remanded for a new trial.