RAILROAD COMPANY *v*. CHRISCOE.

Opinion delivered January 21, 1893.

*Railway—Stock killing—Evidence of negligence.*

> Where the proof shows that negligence on the part of a railway company in killing stock could be imputed to it from the acts or omissions of either its engineer or its fireman, the *prima facie* case of negligence established by proof that the animal was killed by a moving train is not overcome by proof that the engineer only exercised due diligence.

Appeal from St. Francis Circuit Court.

GRANT GREEN, JR., Judge.

*U. M. & G. B. Rose*, for appellant.

The only obligation on the railroad company was to use reasonable diligence after seeing the danger. The *prima facie* case made by appellee was overcome by the

evidence, which was uncontradicted.   It is a clear case of unavoidable accident.   36 Ark. 607 ; 37 *id.* 592; 39 *id.* 413 ; 40 *id.* 336 ; 40 *id.* 161 ; 48 *id.* 366 ; 52 *id.* 162.

*N. W. Norton*, for appellee.

This case presents only a question of fact, which was resolved in appellee's favor by the jury.   The jury had the right to disbelieve the engineer's story.   They believed and found there was negligence.

COCKRILL, C. J.   The appellee obtained judgment against the railway for the value of a cow which was killed by the company's moving train.   The plaintiff proved the killing, and rested upon the presumption of negligence which the statute raises against the company from that fact.   The only question presented by the appeal is, whether the court shall adjudge that the proof adduced by the company overcame the plaintiff's. *prima facie* case.

We quote from the appellant's abstract a statement of the material part of the testimony for the defendant : "The defendant took the depositions of all of the engineers running trains on the day the stock was killed, showing that it must be the animal killed by Charles Kelly, engineer of engine No. 5."   "Kelly testified : On the 5th of July, 1890, a short distance west of Forrest City, at mile post 46, I struck a cow or steer with the engine.   I was pulling six coaches down grade at the rate of thirty-five miles an hour.   The animal came upon the track on the fireman's side, and tried to cross the track, and the engine hit it.   I did not have time to do anything to prevent striking it after I saw it.   The track was fenced at that point.   The dump is ten or twelve feet high, and from my side of the engine, and the nearness of the cow when she came upon the dump, and the speed the train was running at, it was impossi-

ble, for want of time, to do anything, after I saw the cow, to keep from hitting it."

The case arose prior to the passage of the late statute defining the duties of railroads in regard to stock.*

Conceding that the testimony establishes that it was Kelly's engine that killed the cow in suit, and that he performed his whole duty, we cannot adjudge that the company was not at fault.

Kelly, the engineer, appears to lay stress upon the fact that the cow came upon the track on the fireman's side—that is, on the side upon which the fireman maintained watch. But no account is given of the fireman's conduct at the time of the injury. For aught that appears, he may have discovered the animal at a distance from the track when its actions indicated a determination to enter upon it, and neglected to give the engineer warning or to take any precaution to prevent the injury which ensued. In that event the company would be guilty of negligence. Under the statute, the burden was upon the company to prove due care. *Railway Co.* v. *Taylor, ante*, p. 136. But, as the proof shows that negligence could be imputed to it from the acts or omissions of either of two servants, it manifestly did not exonorate itself by proving that one only had exercised diligence. The jury was at liberty therefore to determine that the *prima facie* case of negligence established by the plaintiff had not been overcome.

Affirm.

---

*Acts 1891, p. 213.