ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* RUSSELL.

Opinion delivered June 26, 1897.

RAILWAY—STOCK-KILLING—PRESUMPTION AS TO NEGLIGENCE.—Where, in an action against a railway company for killing a cow, the engineer testifies that the animal came upon the track on the fireman's side, and that, by reason of a curve in the track, the witness did not see it in time to

avoid killing it, the railway company, to rebut the statutory presumption of negligence, must also show that the fireman was not guilty of negligence. (Page 238.)

APPEAL—ERROR NOT PREJUDICIAL.—Where the judgment of the trial court is clearly right upon the facts in evidence, it will not be reversed for error in the instructions. (Page 238.)

RAILWAY—DUTY TO KEEP LOOKOUT.—Under the act of April 8, 1891, declaring it the duty of all persons running trains to keep a constant lookout, and providing that railway companies shall be liable "if any person or property shall be killed or injured by the neglect of any employees of any railroad to keep such lookout," it is not required that every employee upon a train shall be constantly upon the lookout, but it is sufficient if the lookout is kept by one person, unless, by reason of a curving track or other obstruction, an efficient lookout cannot be kept by one person only. (Page 238.)

SAME.—It is the duty of an employee keeping a lookout upon a moving train, under the statute requiring a constant lookout to be kept "for persons and property upon the track," to take notice of animals approaching the track in front of the train and so close thereto as to be within range of his vision while looking along the track. (Page 239.)

Appeal from Lafayette Circuit Court.

CHARLES W. SMITH, Judge.

### STATEMENT BY THE COURT.

This action was brought against the appellant railway company to recover damages for the killing of a mule, a mare and a cow owned by plaintiffs.

The animals, the property of plaintiffs, were struck and killed at different times by trains of appellant, and the complaint alleged, in separate paragraphs, that the killing of each of them was due to negligence of the employees of appellant in charge of its trains. The allegation of negligence was denied, and the main question upon the trial was whether the employees of the defendant company were guilty of negligence in failing to keep a lookout, and in other respects causing the injury alleged. Upon the trial, among other instructions, the court, over the objections of the defendant, gave the following at request of the plaintiffs. After telling the jury that the law required the employees in charge of the train to keep a constant lookout, the court said: "The burden of proof to show such constant lookout upon its track is upon the defendant, and it is not sufficient for the defendant to show that one

or even two of its employees running such train were keeping such lookout, if the other employees on said train might, by the keeping of such constant lookout, have seen and prevented such injury.   And, further, it is not sufficient for the defendant that its engineer may have been doing his duty in keeping such lookout, but it devolves upon the defendant to show that its fireman was keeping such lookout."

There was a verdict in favor of plaintiffs, and the jury assessed the damages as follows:   Mare $81.75; cow $32.42; mule $31.10.   Total $145.27.   And judgment was rendered against the defendant company for that sum.

*Sam H. West* and *Jno. T. Sifford*, for appellant.

*Scott & Jones*, for appellees.

RIDDICK, J., (after stating the facts.)   This is an action against the defendant company to recover damages for the killing of certain domestic animals owned by plaintiff.   As it was shown that these animals were killed by the trains upon the railway of defendant, the burden was upon it to show that due care was exercised in the management of said trains at the time of the injury.   But as to one of the animals this was not shown.   The engineer testified that the cow came upon the track upon the fireman's side, and that by reason of a curve in the track he (the engineer) did not see it in time to avoid striking it.   The fireman did not testify, and, so far as we know, he may have been guilty of negligence in failing to see the cow, or, if he saw it, in failing to notify the engineer.   For this reason there was no evidence to overcome the *prima facie* presumption of negligence which, under the statute, arises from the fact that the cow was struck and killed by the train.   *Railway Co.* v. *Chriscoe,* 57 Ark. 192.

The finding and judgment in favor of plaintiff for injury to the cow was therefore clearly right, and is affirmed, without regard to the instructions.

As to whether the defendant company was guilty of negligence causing injury to the other animals, the evidence is conflicting, and the judgment as to them must be reversed on account of error in the instructions of the presiding judge.

The statute (Sand. & H. Dig., § 6207), as recently construed by this court, requires that persons in charge of a moving train should see that a constant lookout is kept for persons and property upon the track. It is not required that every employee upon the train should be constantly upon the lookout, but it is sufficient if the lookout is kept by one person, unless, by reason of curving track or other obstruction, an efficient lookout cannot be kept by one person only. *St. Louis Southwestern R. Co.* v. *Russell*, 62 Ark. 182.

As running trains usually move with the engine in front, it is ordinarily sufficient for the engineer or fireman to be on the lookout. At the time of each of the injuries complained of in this action, the train was being operated in the usual way, the engine, controlled by engineer and fireman, in front with cars attached thereto. Under such circumstances, it was neither necessary nor practicable for the other employees upon the train to keep a lookout for stock or persons on the track; but, under the instructions given, the jury may have based their finding of negligence upon the failure of the company to show that the conductor or brakeman was keeping a lookout. The instruction was therefore likely to mislead, and erroneous.

As the case must be retried, we will say, in response to argument of counsel, that, although the words of the statute are that a lookout shall be kept "for persons and property upon track," yet, as the intention in requiring a lookout was to avoid needless injuries to persons and property, it is the duty of an employee keeping a lookout upon a moving train to take notice of animals approaching the track in front of the train and so close to the track as to be within range of his vision while looking along the track. If he negligently fails to do so, and injury results, the company will be liable to respond in damages.

Judgment reversed, and new trial ordered, except as above noted.

Absent WOOD, J.