ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.* BRAGG.

Opinion delivered March 11, 1899.

1. RAILROADS—INJURY TO ANIMAL AT CULVERT—NEGLIGENCE.—Where a mule, frightened by the approach of a train, ran into a culvert and was injured by a fall, the trainmen were not negligent in failing to stop the train before the injury occurred, if they could not have foreseen, as a natural or probable consequence of not stopping, that the mule would attempt to go on the trestle, and be injured. *Hot Springs Rd. Co.* v. *Newman*, 36 Ark. 607, followed. (Page 249.)

2. SAME—PRESUMPTION OF NEGLIGENCE.—The trial court properly instructed the jury that if plaintiff's mule was run into a trestle by a train on defendant's road, and injured, and died from injuries so received, the law presumes negligence on the part of defendant, and the burden of proving proper care devolved on it. (Page 250.)

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

*Dodge & Johnson*, for appellant.

The evidence shows that appellant did all that the law requires of it, and hence was guilty of no negligence. 36 Ark. 607; 57 Ark. 16; 37 Ark. 693.

*Smead & Powell*, for appellee.

The verdict, being supported by evidence, will not be disturbed on appeal. 23 Ark. 208; 47 Ark. 196; 46 Ark. 524; 51 Ark. 324. The jury had a right to disregard the testimony of the train crew. 57 Ark. 214.

HUGHES, J. This is an appeal from a judgment for damages for the value of a mule, alleged to have been killed through the negligent operation of appellant's train.

The facts, briefly stated, are about as follows: "Plaintiff's mule and another animal were grazing, one on the side of defendant's track and one on the track, when a train was approaching; when within from 200 to 400 yards of the animals, the whistle was sounded, and the engineer immediately commenced to reduce the speed of his train. Plaintiff's mule started down the track, and ran into a culvert or trestle. The other left the track, and the train came to a full stop about the time the animal jumped into the culvert. Seeing that the animal was fastened in the trestle, the engineer pulled up his train until within from ten to fifty steps of the trestle, and stopped. He and the crew alighted from the train, went to where the animal was, and pulled her out of the trestle. They found that the mule had broken one hind leg and one fore leg when she jumped into the trestle. In lifting her out of the trestle they did not injure her, but did it as best they could. The engine did not strike the animal, and was never nearer to it than two telegraph poles—some 200 yards—until after it pulled up and stopped a short distance from the trestle."

This case is ruled by the case of *Hot Springs Rd. Co.* v. *Newman*, 36 Ark. 607. In that case the court said: "There was no proof of any hindrance or impediment in the way of the cow's getting off the track, or of any facts or circumstances from which the persons in charge of the train might have foreseen, as a probable consequence of not sooner stopping the train, an injury to her, or that she would, in her freight, attempt to pass over the culvert, and not go off the track as the other cattle had done. For anything appearing to the contrary, egress from the track at the culvert was as possible and safe as where the others left it. * * * Though the injury might not have happened if the train had been sooner stopped, yet, if it was not to have been foreseen or anticipated by the person in charge of it, as a natural or probable consequence of not stopping sooner, that the cows would attempt to pass over the culvert, or be injured, and which they, as persons of ordinary care and prudence, should have guarded against, negligence cannot be

imputed to them, or the defendant.   'Culpable negligence is the omission of something which a reasonable, prudent and honest man would do, or the doing something which such a man would not do, under all the circumstances surrounding each particular case.'   He who seeks a recovery for an injury caused by the alleged negligence of the defendant must not only prove that he has suffered loss by the defendant's act or omission, but also that the act or omission was a violation of a duty required of him.   We do not think the evidence sustained the finding of negligence."

We are of the opinion that there was no error in instructing the jury that if the plaintiff's mule was run into a trestle by a train on defendant's road, and injured, and died from having been so injured, the law presumed negligence on the part of the defendant, and the burden of proving proper care devolved on it; and that if defendant failed to show, by a preponderance of the evidence, that it used ordinary prudence to prevent the injury, they should find for the plaintiff.   *Little Rock & C. R. Co.* v. *Payne*, 33 Ark. 816, construing first and and eighth sections of act of Feb. 3, 1895, for recovery of damages for injury by railroads.

The engineer was not guilty of negligence in not stopping or slackening the speed of his train, when he had reason to believe that the mule would leave the track before reaching the culvert, and when it was not to be foreseen or anticipated by him, as a natural and probable consequence of not stopping, that the mule would attempt to pass over the culvert or be injured.   *Hot Springs Rd. Co.* v. *Newman*, 36 Ark. 607; *Little Rock & F. S. Ry. Co.* v. *Trotter*, 37 Ark. 593.

We think there is no evidence of negligence on the part of the appellant, and that the presumption of negligence arising from the injury has been overcome.

Reversed, and remanded for a new trial. '