LITTLE ROCK RAILWAY & ELECTRIC COMPANY v. NEWMAN.

Opinion delivered February 10, 1906.

1. EVIDENCE—RES GESTÆ.— In an action against a street railroad company for negligently killing a hog a statement of the motorman in charge of the car, made at the time of the killing, "that the hog jumped on the track in front of the car" was admissible as part of the *res gestae*. (Page 600.)

2. CONTRIBUTORY NEGLIGENCE—STOCK RUNNING AT LARGE.—The fact that a hog was running at large outside the stock limits of the city did not constitute contributory negligence on the part of the owner. (Page 600.)

3. STREET RAILROAD—KILLING OF ANIMAL—BURDEN OF PROOF.—In an action against a street railroad company for negligently killing an animal, the burden is on the plaintiff to show that it was killed by the company's negligence. (Page 601.)

4. NEGLIGENCE—PROXIMATE CAUSE.—Evidence that a motorman in charge of a street car was not keeping a lookout and did not use every means to avoid killing an animal on the track will not support a finding against the street railroad company, where there was nothing to show that the hog would not have been killed if the motorman had kept the proper lookout. (Page 601.)

5. STREET RAILROAD—PRESUMPTION OF NEGLIGENCE.—The statutory rule that where damage to property is done by the running of trains there is a presumption that such damage was caused by the negligence of the company operating such trains (Kirby's Digest, § 6773) does not apply to the case of stock killed by the running of a street car. (Page 601.)

6. TRIAL—REFUSAL OF ABSTRACT INSTRUCTION.—It was not error to refuse to give an abstract instruction. (Page 601.)

Appeal from Pulaski Circuit Court; EDWARD W. WINFIELD, Judge; reversed.

*Rose, Hemingway, Cantrell, & Loughborough,* for appellants.

1. Plaintiff can not complain because the conductor testified to the motorman's statement that "the hog jumped on the track right in front of the car," having brought it out on cross-examination. It was a part of the *res gestae* and competent.

2. The court erred in refusing defendant's first, fourth and sixth instructions, and in giving the fourth as modified. The question whether the plaintiff, living by the car tracks, was negligent in permitting her hog to run at large, ought to have gone to the jury. 62 Ark. 166.

3. The court's instruction to the jury, after they had announced that they could not agree on a verdict, was highly prejudicial. The amount involved and the cost to the county

have nothing to do with the merits, and ought not to influence a jury in deciding the case.

*A. J. Newman,* for appellee.

1.  Testimony as to the declaration of the motorman was incompetent, and not admissible as a part of the *res gestae.* 66 Ark. 495; 50 Ark. 397.

2.  There was no evidence of negligence on the part of plaintiff. 37 Ark. 568; 69 Ark. 249.

3.  The killing being proved, the presumption is that the accident was the result of negligence on the part of defendant. 33 Ark. 816; 37 Ark. 571.

4.  The evidence is sufficient to support the verdict, and the judgment will not be disturbed. 51 Ark. 467; 72 Ark. 572; 62 Ark. 164.

WOOD, J. This appeal seeks to reverse a judgment against appellant recovered by appellee for the alleged negligent killing of a certain hog.

The proof showed that the hog was killed by one of appellant's cars. And there was evidence from which the jury might have found that the motorman in charge of the car was negligent. But there is no evidence that the negligence of the motorman was the proximate cause of the injury. There is no proof that the motorman saw or could have seen the hog in time, by the use of ordinary care, to have prevented striking it. There was proof that the track was straight, and that the motorman might have seen a hog, had it been on the track in front of him. But there is no proof that the hog came on the track in front of the motorman in time for him to have stopped the car before striking it, had he seen it and used all the means in his power to that end. On the contrary, it was in evidence that the motorman remarked at the time "that the hog jumped on the track right in front of the car." This was objected to, but the declaration, was a part of the *res gestae* and proper testimony. *Carr* v. *State,* 43 Ark. 99; *St. Louis, I. M. & S. Ry. Co.* v. *Kelley,* 61 Ark. 52; *Little Rock, M. R. & T. Ry. Co.* v. *Leverett,* 48 Ark. 333. This was the only evidence as to how the hog got on the track.

The hog was outside the "stock limit," and it was not therefore contributory negligence for it to be running at large.

*Little Rock & F. S. Ry. Co.* v. *Finley,* 37 Ark. 562; *Little Rock Traction & El. Co.* v. *Morrison,* 69 Ark. 289.

The burden was upon the appellee to show that the hog was killed through the negligence of the appellant. She has failed to prove this; for, under the proof in this record, there is nothing to show that the hog would not have been killed, even if the motorman had been keeping the proper lookout, and had used every means available on a properly equipped car to avoid it.

Sec. 6773, Kirby's Digest, making all railroads responsible for all damages to property caused by the running of trains in this State, is not applicable to street railways. They do not run trains, in the sense in which the term was intended by the law-makers. The whole act, February 3, 1875, shows that the Legislature did not have in mind street railways. This court, since *Little Rock & F. S. Rd. Co.* v. *Payne,* 33 Ark. 816, has often held under this statute that where stock is killed by the running of trains there is a presumption that such killing was through the negligence of the company operating such trains. *St. Louis S. W. Ry. Co.* v. *Russell,* 64 Ark. 236; *St. Louis, I. M. & S. Ry. Co.* v. *Bragg,* 66 Ark. 248; *Little Rock & F. S. Ry. Co.* v. *Wilson,* 66 Ark. 414; *St. Louis S. W. Ry. Co.* v. *Costello,* 68 Ark. 32. But no such presumption prevails in the case of street railways. In such cases it is not a question of presumption, but a matter of proof. *Hot Springs Street Rd. Co.* v. *Hildreth,* 72 Ark. 572. Doubtless, the presumption that is indulged under the statute applicable to railroads running trains was invoked below, as it has been here, to uphold this verdict, which is otherwise without proof to support it.

The court should have given the first instruction asked by appellant.* The court did not err in refusing requests fourth and sixth. The latter part of the fourth instruction as requested was abstract, there being no evidence that the motorman dis-

---

*The first, fourth and sixth instructions asked by the defendant and refused by the court are as follows:

"First: You are instructed to find for the defendant."

"Fourth: You are instructed that before you can find for the plaintiff you must find from the evidence that the hog went upon the track and was seen by the motorman of the car when the car was a sufficient distance away to have permitted him, by the exercise of ordinary care and prudence, to stop the car before striking the hog. If you find from the evidence that

covered the hog before the injury occurred. The fourth as modified was objectionable because it was abstract, there being no evidence to support it. The instruction given to the jury after the case had been submitted was in bad form, if not erroneous and prejudicial. *Southern Ins. Co.* v. *White,* 58 Ark. 277. But it is unnecessary to determine whether it was reversible error. We assume it will not be repeated on another trial. For the error indicated the judgment is reversed, and the cause is remanded for new trial.

---

the motorman exercised ordinary and reasonable care to avoid the accident after he discovered the danger to the hog, and was unable to do so, then your verdict will be for the defendant."

"Sixth: If you find from the evidence that plaintiff was guilty of negligence in failing to properly care for and guard her hogs, and that such negligence directly contributed to cause the injury complained of, your verdict should be for the defendant, unless you further find that defendant's employees in charge of the car became aware of the danger to the hog in time to have avoided injuring it by the exercise of proper care, and failed to use such care."

The fourth instruction, with the court's modification indicated by the black letters, is as follows:

"You are instructed that before you can find for the plaintiff you must find from the evidence that the hog went upon the track and was seen by the motorman of the car, or could have been seen by him in the use of ordinary care in operating the car, when the car was a sufficient distance away to have permitted him by the exercise of ordinary care and prudence to stop the car before striking the hog. If you find from the evidence that the motorman exercised ordinary and reasonable care to avoid the accident after he discovered the danger to the hog, and was unable to do so, then your verdict will be for the defendant."

The instruction given by the court after the case was submitted was as follows:

"Gentlemen, this is a case peculiarly within the province of the jury to decide. The facts are as fully before you as they can be put before any jury. The law is plain and simple. The amount is small. It costs the county more to try this case than is involved to either of the litigants, and it is the earnest desire of the court that you decide this case, if you can, without giving up your honest and conscientious conviction." (Reporter.)