ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* STONE.

Opinion delivered April, 7, 1906.

1. CARRIER—RE-CHECKING BAGGAGE—AGENCY.—While the authority of an alleged agent can not be proved by his own declaration, yet, since the possession of a baggage check is *prima facie* evidence of ownership or authority to receive the baggage, it was error to refuse to permit a carrier which returned a trunk to the place from which it was shipped to show that it was done under the directions of one shown to have been in intimate relationship with the owner, who had a letter from such owner requesting him to have the trunk returned, and also had in his possession the baggage check itself. (Page 320.)

2.  SAME—RATIFICATION OF AGENT'S ACT.—Where a trunk was returned
by the carrier to its initial point, and subsequently rechecked to
another point by another carrier at the request of an alleged agent
of the owner, and she thereafter accepted the new check, and the
trunk was subsequently lost, the acceptance of the second check was
a ratification of the act of the agent, and released the first carrier.
(Page 322.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,*
Judge; reversed.

*B. S. Johnson,* for appellant.

1.  It was error to exclude testimony offered by defendant
to prove that one Stone had called on the agent at four or five
different times asking for plaintiff's trunk before its arrival, at
one time presenting the check therefor, and at another represent-
ing that she was his wife, and exhibiting a letter from her
directing that the trunk be returned to Haileyville.

2.  Possession of the baggage check is *prima facie* evidence
that the holder is the owner or authorized to receive possession
of the baggage. 24 Ill. 332; 31 Conn. 284; 94 N. Y. 278;
6 Col. 33; 20 Kan. 669; 66 Hun (N. Y.), 202. It follows
that the holder of the check is entitled to possess or control the
disposition of the baggage to which the same check is attached.

3.  It was error to permit plaintiff to testify to the value
of the contents of the trunk. The interested party may prove
the contents and loss of the trunk, but not the value of the
articles. 24 Ill. 332; 19 Ill. 558; 22 Ill. 272. It is the province
of the jury to settle the amount of damages from the facts proved
by the witness. 71 Ark. 302; 47 Ark. 501; Lawson on Ex. and
Op. Ev. 448; 67 Ark. 375; 24 Ark. 251; 62 Ark. 510; 3 Sedg.
on Dam. § 1293; 59 Ark. 110, and many other authorities.

4.  If defendant returned the trunk to Haileyville, and plain-
tiff thereafter authorized it to be re-checked to Mansfield, she
thereby ratified the act of defendant in returning it. Acceptance
of the check for the trunk over the line of the connecting carrier
from Haileyville to Mansfield was a delivery to the latter, and
absolved defendant from liability.

*Taylor & Jones,* for appellee.

1.  Under our statutes plaintiff was entitled to testify in her
own behalf. Kirby's Digest, § 3093. The owner may testify
to the value of the articles, though he is not shown to have any

special knowledge in respect thereto.   43 Ill. App. 609; 6 Cyc. 677.

2.   Appellant's contention that possession of the baggage check is *prima facie* evidence that the holder thereof is the owner and entitled to possession of the baggage is not borne out by the authorities cited.   The check is *prima facie* evidence against the carrier of receipt of the baggage by it.   Carrier's liability ends only when delivery is made to the owner or his order.   6 Cyc. 671.

McCULLOCH, J.   This is an action brought by appellee, Lena Swallows, *alias* Lena Stone, against the railway company to recover damages in the loss of her trunk, which was shipped as baggage over appellant's road.   She purchased a ticket from Haileyville, Indian Territory, on the Choctaw, Oklahoma & Gulf Railroad, to Pine Bluff, Arkansas, on appellant's line of road, and her trunk was checked through.   The trunk was checked after she left Haileyville, and by an acquaintance the check was sent to her by mail at Pine Bluff, and she exhibited it at the trial of the case.   The trunk, it appears, failed to reach Pine Bluff while she was in that city, and she failed to get it there, though she demanded it.   She returned to Haileyville without her trunk, and subsequently went to Mansfield, Arkansas, and has never received it, so she testified.   She went to Pine Bluff with a man named Stone, and assumed the name of Stone, instead of her true name, Swallows, and passed as Mrs. Stone.   They stopped in the same boarding-house there.

Appellant's baggage clerk at Pine Bluff testified that he shipped the trunk back to Haileyville on the same check, *via* appellant's road to Little Rock, and thence over the Choctaw, Oklahoma & Gulf Railroad to Haileyville.   "The defendant then offered to prove by this witness," copying literally from the record, "that, four or five different times before the arrival of the trunk in controversy in Pine Bluff, one E. S. Stone called on him, asking for the plaintiff's trunk, presenting at one of the times C. O. & G. check from Haileyville to Pine Bluff No. 98013 [which was the description of the check held by plaintiff and exhibited at the trial]; that the last time he called, which was about the 4th or 5th of April, 1903, he exhibited to witness a letter purporting to have been written by the plaintiff, represent-

ing to witness that the plaintiff was his wife; and that in said letter the plaintiff requested that her trunk be returned from Pine Bluff to Haileyville as soon as it arrived at Pine Bluff; that the trunk was described in the letter as bearing check No. 98013; that, pursuant to the directions so given by Stone and said letter, witness sent said trunk back to Haileyville as soon as it arrived at Pine Bluff." The court refused to admit this testimony, on the ground that the agency or authority of Stone had not been shown. This testimony was competent, and should have been admitted. The plaintiff denied that she ordered the trunk returned to Haileyville, or that she authorized Stone to direct its return. She also denied that she had entrusted the check to Stone. It is undisputed, so far as the testimony in the record shows, that the trunk finally arrived at Pine Bluff, and was returned to Haileyville. If the plaintiff directed its return, and it reached Haileyville safely over the connecting carrier's line (which was undisputed), and the plaintiff accepted it then, or caused it to be rechecked to Mansfield (as there was testimony tending to show), then the defendant was not liable, even though the trunk was subsequently lost after it left Haileyville the second time. It was therefore important to determine whether or not the plaintiff authorized Stone to have the trunk sent back to Haileyville. It is undisputed that he did direct its return, and that it was returned according to his directions. It is well settled that the agency and authority of an alleged agent can not be proved by his own declarations. *Carter* v. *Burnham,* 31 Ark. 212; *Holland* v. *Rogers,* 33 Ark. 251; *Chrisman* v. *Carney,* 33 Ark. 316, *Howcott* v. *Kilbourn,* 55 Ark. 213; *Turner* v. *Huff,* 46 Ark. 222.

But the intimate relations between plaintiff and Stone while they were in Pine Bluff, passing themselves off before the public as husband and wife (proof of which was admitted by the court). and his possession of the check a few days before he appeared with a letter purporting to be from plaintiff, ordering the trunk sent back to Haileyville, were circumstances tending, with more or less force, to establish his authority from plaintiff to direct the return of the trunk. The jury should have been permitted to consider them, along with plaintiff's denial that she ever parted from the check or authorized Stone to direct the return

of the trunk, in determining whether the return of the trunk was ever directed by authority from plaintiff.

Possession of a baggage check is *prima facie* evidence of ownership or authority to receive the baggage. *Illinois Cent. R. Co.* v. *Copeland,* 24 Ill. 332; *Hickox* v. *Naugatuck R. Co.,* 31 Conn. 284; *Isaacson* v. *N. Y. Cent. R. Co.,* 94 N. Y. 278; *Denver R. Co.* v. *Roberts,* 6 Col. 333. This is necessarily true from the nature of the business of a carrier of passengers and baggage. The identity of the passenger is unknown to the agents of the carrier at the destination, and the only evidence of the right to receive the baggage is the possession of the check. Learned counsel for appellee urge that this would open the door for fraud by allowing a person to present a bogus check for baggage and receive it from the possession of the carrier, and thus deprive the true owner of his property. It is sufficient to say that the carrier is not permitted to surrender the baggage upon a bogus or forged check. The carrier must, at its peril, see that the check presented is genuine, and is the check issued for the piece of baggage claimed. So in this case it was for the jury to say whether, in the face of plaintiff's denial that she intrusted the check to Stone, it was in fact the genuine check which he exhibited to the baggage clerk at Pine Bluff; and Stone's recent possession of the check (if the jury believed that he had it), together with the other circumstances proved in the case as to the relation between plaintiff and Stone, should have gone to the jury to enable them to determine whether the return of the trunk to Haileyville was directed by authority from plaintiff.

For the error in excluding the testimony offered by the defendant, the judgment must be reversed.

The judgment must also be reversed for another reason. It is not supported by the evidence.

As we have already stated, it is undisputed that the trunk was returned to Haileyville and received at the latter place, and was from that place rechecked and forwarded to Mansfield, Arkansas, by a man at Haileyville named Brown. Brown testified that, by direction of plaintiff, he caused the trunk to be rechecked to Mansfield, leaving the old check on the trunk and placing an additional one on it, and that he turned the new check over to one Malloy to be forwarded to plaintiff. She admits

that Malloy sent the check to her at Mansfield, and she exhibited that check also at the trial, but she denied that she instructed Brown to recheck the trunk. She said, however, on the witness stand: "I told Mr. Brown if I stopped in Mansfield I would write him; if my trunk came back, he could send it to me. I would let him know if I stopped there." Now, whether she authorized Brown to recheck the trunk to Mansfield or not, if she accepted the check after he had done so, she thereby ratified his act in so doing. Rechecking the trunk at Haileyville was an acceptance of it there, and relieved appellant from any further duty or liability concerning it. So, upon these facts, about which there is no dispute, the defendant was not liable. Of course, if Brown did not in fact recheck the trunk, as he pretends to have done, but instead thereof, by fraudulent conspiracy with the baggage agent at Haileyville or some other person, as suggested by learned counsel in their brief, he made some other disposition of the trunk, then the acceptance of the check by plaintiff was not a ratification of Brown's wrongful act, and the defendant would not be relieved. The acceptance of the check operated only as a ratification of Brown's act in rechecking the trunk to Mansfield, as indicated on the face of the check, and nothing more.

The defendant asked for an instruction to the effect that an acceptance by plaintiff from Brown of the check from Haileyville to Mansfield was a ratification of Brown's act in rechecking the trunk, and relieved the defendant from further liability, but the court modified it by inserting the qualification "that if she knew those facts when she accepted the check." The modification was unnecessary and improper, for the reason that the check disclosed on its face the fact that the trunk had been rechecked to Mansfield, and plaintiff was bound to know it when she accepted the check.

Still we fail to see how any prejudice could have resulted from the instruction. The fault is not so much with the instruction as with the fact that the jury disregarded it, and returned a verdict for the plaintiff contrary to the undisputed evidence.

Reversed and remanded for a new trial.

Wood, J., concurs in the judgment.