## KANSAS CITY SOUTHERN RAILWAY COMPANY v. WAYT.

### Opinion delivered October 29, 1906.

1. RAILROAD—NEGLIGENCE IN KILLING STOCK—PRESUMPTION.—Where killing of stock by a train is established, the burden is shifted to the defendant railroad company to exonerate itself from the presumption of negligence. (Page 383.)

2. SAME—NEGLIGENCE.—Where the engineer in charge of the engine which killed plaintiff's cattle testified that on account of a cut and a

curve he failed to see the cattle until he was within fifty feet from where he struck them, and three witnesses for plaintiff testified that where the cattle were struck they could have been seen by the engineer for a distance between 75 and 100 yards, the question was properly submitted to the jury. (Page 383.)

Appeal from Benton Circuit Court; *John N. Tillman,* Judge; affirmed.

*Read & McDonough,* for appellant.

The animals were in a cut, and could not be seen by engineer or fireman, proper lookout was being kept, and the engineer's testimony was reasonable. The case should have been taken from the jury. 67 Ark. 576.

*McGill & Lindsey,* for appellee.

There was a conflict of testimony. On the part of appellee it was shown that the animals could have been seen for 75 or 100 yards, and it was not shown by appellant that the train could not have been stopped in time to prevent the injury. 88 S. W. 584; *Ib.* 593; *Ib.* 599; *Ib.* 851; *Ib.* 951; 54 Ark. 214.

HILL, C. J. This was an action for killing two cows of appellee by appellant's train. The killing by the train being established, the burden of proof shifted to appellant to exonerate itself from the presumption of negligence. *Little Rock & F. S. R. Co.* v. *Payne,* 33 Ark. 816; *Railway Company* v. *Taylor,* 57 Ark. 136; *St. Louis S. W. Ry. Co.* v. *Russell,* 64 Ark. 236; *St. Louis, I. M. & S. Ry. Co.* v. *Bragg,* 66 Ark. 248.

The appellant attempted to discharge this burden. It proved by the fireman that he was in the discharge of his duty of putting in coal when the stock were killed, and therefore he was not negligent in not seeing them in time to have prevented the injury. The engineer testified that he failed to discover the stock by reason of a cut and curve preventing him seeing them farther than about fifty feet from the point he struck them. The appellee produced three witnesses familiar with the ground who testified that at the point the stock were struck they could have been seen for a distance of from 75 to 100 yards. This presented a proper issue for a jury. It is not a case calling for the application of *St. Louis, I. M. & S. Ry. Co.* v. *Landers,* 67 Ark. 514, and *Kansas City Southern Ry. Co.* v. *Lewis, infra,* p. 277, wherein it is held that a jury can not be permitted to arbitrarily disregard

unimpeached, uncontradicted and undisputed evidence which is consistent and reasonable in itself. It was merely a question whether the jury would believe the engineer or the three other witnesses on a vital question.

Judgment affirmed.