Little Rock Railway & Electric Company *v.* Baxley.

Opinion delivered January 24, 1916.

Street railways—killing horse—due care—question for jury.— Plaintiff's horse was killed by being struck by a moving street car. The motorman testified that he saw the horse before striking it, but too late to stop his car, the accident occurring in the night time. *Held,* under the evidence it was a question for the jury whether the motorman, had ne been keeping a reasonably diligent lookout, could not have stopped the car in time to have avoided the accident.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*Rose, Hemingway, Cantrell, Loughborough & Miles,* for appellant.

The only question in this case is the right of defendant to a directed verdict. § 6773 Kirby's Digest is not applicable to street railways, and the burden was on plaintiff to show that the horse was killed through the negligence of defendant. 77 Ark. 599. Plaintiff has wholly failed to make out his case.

*Winn & Pierce,* for appellee.

1. The question of negligence is a mixed one of law and fact and while the law imposes duties on persons, yet it is the province of the jury to find whether these conditions have, or have not, been met. 72 Ark. 577.

2. Allowing the horse to run at large is not contributory negligence. 79 Ark. 252. Appellant can not plead the result of its own negligence in failing to furnish proper equipment to absolve it from liability. 69 Ark. 289. Appellant should have plead self-defense with his plea of contributory negligence and introduced a story revealing Kipling's "La Nuit Blanche."

SMITH, J. This is an action brought by appellee for damages for the alleged negligent killing of his horse by the operation of a street car of the appellant company at the intersection of 16th and College streets, in the City of Little Rock. The accident occured at night, on the 29th of October, 1913.

It is the contention of appellant that no actionable negligence is shown by the testimony, and that the testimony, together with all reasonable inferences that may be drawn therefrom in favor of appellee, is not sufficient to entitle appellee to have the question of appellant's negligence submitted to the jury.

The jury returned a verdict in appellee's favor for the sum of $40.00, and the sufficiency of the evidence to support this verdict is the only question raised on this appeal.

The motorman in charge of the car testified that he did not see the horse until his car was within about

20 feet of the animal, and that the horse at the time was coming across the track, that he had only time in which to reverse his power, and that this was done, and that the effect of this action was to lock the wheels of the car and reduce its speed, but that the distance was too short when he first discovered the horse to avoid striking it. The motorman's evidence was to the further effect that the accident happened at about 9:30 p. m., that the horse was only 10 or 12 feet from the track, when he first discovered it, and that the car was not running at an excessive speed.

It is urged that, upon the authority of the case of *Little Rock Ry. & Electric Co.* v *Newman,* 77 Ark. 599, a verdict should have been directed for the street car company. But the opinion in that case expressly states the fact to be that there was no proof that the motorman saw, or could have seen, the animal there struck in time, by the use of ordinary care, to have prevented striking it. Here the motorman admits having seen the animal, although he denies that he saw it in time to avoid the injury. But while his statement appears plausible and reasonable, we cannot say that the action of the jury in not accepting it, was arbitrary; but, upon the contrary, we are of the opinion that the circumstances of this case are such that reasonable minds might fairly differ in the inferences to be drawn from the testimony and that the case was, therefore, properly submitted to the jury.

The proof shows that the street was 50 feet wide, and was straight for some distance, and that there was sufficient light for the horse to have been seen for a distance of 300 feet. The motorman testifies that the horse was grazing near the track, and we can not say that the evidence is insufficient to support a finding that the motorman could and would have seen the horse in time to have stopped his car had he been keeping a reasonably diligent lookout.

The judgment of the court below will, therefore, be affirmed.