St. Louis Southwestern Railway Company *v.* Vaughan.

Opinion delivered December 2, 1929.

*Carter, Jones & Turney* and *Gaughan, Sifford, Godwin & Gaughan,* for appellant.

*Saxon & Warren* and *H. G. Wade,* for appellee.

MEHAFFY, J. This suit was begun by the appellee in the justice of the peace court for damages in the sum of $45 for the killing of three hogs by the operation of one of appellant's trains. An appeal was taken to the circuit court, where appellant filed answer, denying the material allegations of plaintiff's complaint. In the circuit court there was a verdict and judgment for appellee for forty dollars. Appellant filed motion for new trial, which was overruled, exceptions saved, and appellant prosecutes this appeal to reverse the judgment of the circuit court.

The undisputed evidence shows that the hogs were killed by the operation of appellant's train. It is the established doctrine of this State, under § 8562 of C. & M. Digest, that, where an injury is caused by the operation of a railway train, a *prima facie* case of negligence is made against the company operating such train. *Barringer* v. *St. L. I. M. & Sou. Ry. Co.,* 73 Ark. 548, 85 S. W. 94, 87 S. W. 814; *L. R. & Ft. S. R. R. Co.* v. *Payne,* 33 Ark. 816; *St. L. I. M. & S. R. Co.* v. *Hendricks,* 53 Ark. 201, 13 S. W. 699; *K. C. Sou. Ry. Co.* v. *Drew,* 103 Ark. 347, 147 S. W. 50; *M. & L. R. Ry. Co.* v. *Jones,* 36 Ark. 87; *St. L. I. M. & S. R. Co.* v. *Tomlinson,* 78 Ark. 251, 95 S. W. 470.

When the evidence shows that an injury was caused by the operation of a train, the presumption is that the company operating the train was guilty of negligence, and the burden is upon such company to prove that it was not guilty of negligence. Appellant is correct in its statement that this presumption can be rebutted and overcome by testimony on the part of the defendant. The only question in this case is, did the appellant overcome this presumption by evidence? The Supreme Court of the United States recently said, in construing a statute similar to the Arkansas statute: ''The only legal effect of this inference is to cast upon the railroad company the duty of producing some evidence to the contrary. When that is done, the inference is at an end, and the question of

negligence is one for jury upon all the evidence.'' *West-ern & A. R. R. Co.* v. *Henderson*, 279 U. S. 639, 49 S. Ct. 445.

Appellant's engineer testified that he was engineer on extra 760 south on the day the hogs were killed, and killed two hogs at the place where appellee's hogs were killed. He said as he was approaching the crossing at Onalaska, he noticed some objects about six or seven feet from the track; that he did not know what they were till they started toward the track. He was about 500 feet from them when he first saw them, and was running about thirty or thirty-five miles an hour. When he got within 250 feet of them, they started toward the track. He then saw they were hogs, and sounded the whistle and applied air in emergency, and this was all he could do. According to his testimony, he saw the hogs when 500 feet from them, and they were at that time six or seven feet from the track, and he did nothing to avoid the injury until he got within 250 feet of them. He says he was approaching a crossing, but he does not say that he rang the bell or sounded the whistle, as required by § 8559 of C. & M. Digest. If he had done this, or if he had made any effort to avoid the injury when he first saw the animals within six or seven feet of the track, he might have avoided killing them. The engineer's testimony is not sufficient to overcome the presumption arising from the killing by the operation of the train. The fireman testified, but he knew nothing about the matter.

There was however sufficient evidence to sustain the verdict in this case on the ground that the hogs were killed by a train going north. The engineer who testified was going south when he says his engine struck the hogs. No one saw appellee's hogs killed, unless the engineer who testified was operating the engine which struck them. The evidence of other witnesses is to the effect that two or three trains went north after extra 760 south had passed, and that the hogs were struck and knocked north. There is also evidence tending to show that the hogs were

seen after extra 760 south had passed. The jury might have believed that a northbound train killed these hogs after extra 760 had passed. The track was straight for at least a mile on each side of the place where the animals were killed, and, while the engineer testified that the hogs were along the edge of the grass, neither he nor any one else testifies that the grass was such as to obstruct the view.

There is substantial evidence to sustain the verdict, and the judgment is affirmed.