Hot Springs Street Ry. Co. *v.* Jones.

5-2582                                          354 S. W. 2d 278

Opinion delivered February 26, 1962.

*House, Holmes, Butler & Jewell,* by *Charles J. Lincoln,* for appellant.

*B. W. Thomas* and *Richard W. Hobbs,* for appellee.

CARLETON HARRIS, Chief Justice.   This appeal is the result of a judgment entered by the Garland County Circuit Court wherein Mrs. Charlotte Jones, appellee, was awarded the sum of $12,500 for injuries allegedly sustained through the negligence of the bus operator of appellant company. According to appellee's proof, Mrs. Jones, a widow, 91 years of age, attempted to board one of appellant's buses on September 21, 1959. As she started onto the bus, placing her right foot on the step, and her hand on the rod, the bus started up, and the door closed, catching her by the wrist. When the door was opened, she fell to the street, and sustained painful

injuries. The driver testified that he did not see appellee, that the bus did not move while she was attempting to get on, and that he did not know anyone had fallen until one of the passengers called out that appellee had fallen. In reaching a determination in this litigation, it is unnecessary to set out the evidence introduced in support of either side, other than to say that such evidence presented a question of fact, relative to appellant's liability, for the jury to determine. For reversal, appellant relies upon three points, which we proceed to discuss, though not in the order listed in the briefs.

It is asserted that, "The Court Erred in Granting Plaintiff's Requested Instruction No. 3 and Telling the Jury That Where a Person Is Injured While Attempting to Board a Bus That a Presumption of Negligence on the Part of the Bus Owner is Created." The questioned instruction reads as follows:

"You are instructed that if you find from a preponderance of the evidence that the Plaintiff, Mrs. Charlotte Jones, was attempting to board the bus belonging to the Defendant and you further find that she sustained injuries because of the manner in which the bus was being operated by the driver, then you are instructed that this creates a presumption of negligence on the part of the Defendant."

This instruction was erroneous. It, in effect, told the jury if they found that Mrs. Jones was attempting to board the bus, and was injured because of the manner of operation of the vehicle, *whether the manner of operation was negligent or otherwise*—that negligence was to be presumed. In other words, the traditional function and duty of the jury to determine what facts constitute negligence was taken away. Appellee relies upon the cases of *Dillahunty* v. *Chicago, Rock Island & Pacific Railroad Company,* 119 Ark. 392, 178 S. W. 420, and *Huckaby* v. *St. Louis I. M. & S. Railway Co.,* 119 Ark. 179, 177 S. W. 923. It is true that formerly, in railroad cases, we said that where an injury results, from the operation of the train, to the passenger while boarding

or alighting from the train, a presumption of negligence arises in favor of such passenger,—and further, the Court might so instruct the jury. However, this last is no longer the law. Following the decision of the United States Supreme Court in *Western & Atlantic R. Co.* v. *Henderson,* 279 U. S. 639, this rule was changed, and several cases have held similar instructions fatally defective. In *Mo. Pac. Railroad Co.* v. *Vaughan, Admr.,* 225 Ark. 848, 286 S. W. 2d 6, appellee obtained a judgment against appellant company, and an appeal was lodged in this Court. The judgment was reversed because of the following instruction which had been given, and which this Court held to be erroneous:

"You are instructed that if you find from a preponderance of the evidence in this case that the deceased, Joseph C. Caruth, was injured and killed by the operation of one of the trains of the defendant company, as alleged in the complaint, then you are told and instructed by the Court that the law presumes negligence on the part of the defendant company, and it will be your duty and you are instructed to find for the plaintiff, unless the defendant has overcome that presumption by a preponderance of the evidence in this case."

Quoting from the Opinion:

"The appellee seeks to defend the above instruction by citing such cases as *St. L. S. W. Ry. Co.* v. *Vaughan,* 180 Ark. 559, 21 S. W. 2d 971; *Mo. Pac. R. Co.* v. *Overton,* 194 Ark. 754, 109 S. W. 2d 435; and *Mo. Pac. R. Co.* v. *Thompson,* 195 Ark. 665, 113 S. W. 2d 720. It is true that in some of these cases an instruction like the one here involved was sustained; but our later cases (necessitated by the decision of the U. S. Supreme Court in *Western & Atlantic R.* v. *Henderson,* 279 U. S. 639, 73 L. Ed. 884, 49 S. Ct. 445) have held fatally defective an instruction like the one here involved. Some of our later cases holding the instruction fatally defective are: *Mo. Pac. R. Co.* v. *Beard,* 198 Ark. 346, 128 S. W. 2d 697; *Mo. Pac. R. Co.* v. *Ross,* 199 Ark. 182, 133 S. W. 2d 29; *St. L. S. F. Ry.* v. *Mangum,* 199 Ark.

767, 136 S. W. 2d 158; and *St. L. S. F. Ry.* v. *Hovley* (opinion on re-hearing), 199 Ark. 853, 137 S. W. 2d 231." It will be noted that the instruction at bar even goes further than the instruction in the *Vaughan* case, since the instruction before us simply declares a presumption of negligence on the part of the defendant without adding the words "unless the defendant has overcome that presumption by a preponderance of the evidence in this case." In either event, the instruction constituted error.

Were it otherwise, it would still appear that the instruction was erroneous, for our cases have held that the presumption of negligence rule was not applicable to street railway cases. See, *inter alia, Hot Springs Street Railroad Co.* v. *Hildreth,* 72 Ark. 572, 82 S. W. 245; *Little Rock Ry. & Elect. Co.* v. *Newman,*[1] 77 Ark. 599, 92 S. W. 864. Logically, it seems that this holding would apply to buses, since this means of transportation has replaced the street railway.

It is also urged that Plaintiff's Requested Instruction No. 5, given to the jury over appellant's objection, was error. This instruction told the jury that if they found that Mrs. Jones was standing at or near the regular bus stop of the appellant corporation, that the bus in question stopped at or near the regular bus stop for the purpose of taking on passengers, and that appellee was attempting to board the bus, then Mrs. Jones would be considered a passenger. This was a correct declaration of the law. See 10 Am. Jur., § 965.

---

[1] In this case, the Court said: "Sec. 6773, Kirby's Digest, making all railroads responsible for all damages to property caused by the running of trains in this State, is not applicable to street railways. They do not run trains, in the sense in which the term was intended by the lawmakers. The whole act, February 3, 1875, shows that the Legislature did not have in mind street railways. This court, since *Little Rock & F. S. Rd. Co.* v. *Payne,* 33 Ark. 816, has often held under this statute that where stock is killed by the running of trains there is a presumption that such killing was through the negligence of the company operating such trains. *St. Louis S. W. Ry. Co.* v. *Russell,* 64 Ark. 236; *St. Louis, I.M. & S. Ry. Co.* v. *Bragg,* 66 Ark. 248, *Little Rock & F. S. Ry. Co.* v. *Wilson,* 66 Ark. 414; *St. Louis S. W. Ry. Co.* v. *Costello,* 68 Ark. 32. But no such presumption prevails in the case of street railways. In such cases it is not a question of presumption, but a matter of proof." Section 6773 of Kirby's Digest is identical with Section 73-1001, Ark. Stats., Anno.

Appellant complains that the Court permitted appellee's daughter, in listing separately the medical bills that were incurred because of her mother's injuries, to state in response to interrogation from appellee's counsel, that same had not been paid. Appellant asserts that this testimony was not material, and was prejudicial, for it could only serve the purpose of arousing sympathy among the jurors for appellee. Inasmuch as the judgment is being reversed on other grounds, it is not essential that we determine whether the admission of this evidence constituted reversible error. We do agree that the matter of whether the bills had been paid, was immaterial to the pertinent issues, and better practice would seem to indicate that these questions should not be asked.

Reversed and remanded.