KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* DAVIS.

Opinion delivered June 17. 1907.

1. CARRIER—INJURIES TO PASSENGER—PRESUMPTION.—The statutory presumption of negligence which arises where a person is injured by the running of a railway train is not limited to negligence of the trainmen in failing to keep a lookout, but extends to every kind of negligence whereby injury to person or property is caused by the running of such train. (Page 220.)

2. SAME—INJURY BY RUNNING OF TRAIN—PRESUMPTION.—Proof that a passenger on a railway train was injured by the running of the train, as where the train was started while he was attempting to alight, is *prima facie* evidence of negligence on the part of the railway company. (Page 221.)

3. SAME—NEGLIGENCE—INVITING PASSENGER TO ALIGHT.—Railway carriers of passengers must be extremely careful not to mislead their passengers into the belief that the halting of the train at a station is meant as an invitation to them to alight when it is not so intended; and if the conduct of the servants engaged in the management of the train is such as may reasonably produce that impression, and the passenger so understands it, and in the attempt to leave the coach at a place where no facilities are provided for his doing so, and whilst in the exercise of due care and diligence, he is injured, the carrier will be liable. (Page 222.)

4. INSTRUCTIONS—WHEN HARMLESS THROUGH ABSTRACT.—Statements of the law in instructions given which are abstract, though correct, will not be considered prejudicial if they relate to no matters in issue. (Page 222.)

5. CONTRIBUTORY NEGLIGENCE—WHEN A DEFENSE.—It is only such negligence of the plaintiff in a personal injury suit as contributed to the injury that defeats a recovery by him. (Page 222.)

6. SAME—INTOXICATION.—The mere fact that a passenger was intoxicated at the time he was injured does not of itself establish contributory negligence, but is a circumstance to be considered in determining whether it contributed to his injury. (Page 222.)

Appeal from Little River Circuit Court; *James S. Steel,* Judge; affirmed.

Action by John Davis against Kansas City Southern Railway Company. This is the second appearance of this case here. Upon the first trial of it in the circuit court, a verdict was directed, and plaintiff appealed, and this court held that the plaintiff's testimony, if true, made out a liability against the defendant, and

that the case should be submitted to a jury under proper instructions. *Davis* v. *Kansas City So. Ry. Co.,* 75 Ark. 165.

The second trial resulted in a verdict in favor of plaintiff for the sum of $800, and the railroad has appealed from a judgment entered thereon. The testimony may be found stated in in the former opinion. The evidence was practically the same upon this trial. The defendant questions the correctness of the court's instructions. The following instructions given by the court at the request of the plaintiff were objected to by the defendant.

"I. The court instructs the jury that if they find, from a preponderance of the evidence, that the plaintiff was injured, and that such injuries were caused by a running train of the defendant, then you are instructed that this is *prima facie* proof of negligence on the part of said company.

"III. The court instructs the jury that railway carriers of passengers must be extremely careful not to mislead their passengers into belief that the halting of the train at a station is meant as an invitation to them to alight when it is not so intended ; and if the conduct of the servants engaged in the management of the train is such as may reasonably produce that impression, and the passenger so understands it, and in the attempt to leave the coach at a place where no facilities are provided for his doing so, and whilst in the exercise of due care and diligence in doing so, he is injured, the company will be liable.

"V. The court instructs the jury that, if the plaintiff was a passenger on said train for Ashdown, then it became and was the duty of the defendant to cause its said train to stop at Ashdown and to remain at a standstill a reasonable length of time, sufficient to enable the plaintiff, in the exercise of ordinary care and diligence, to alight therefrom ; and if they stopped such train short of said station, under circumstances which reasonably induced the plaintiff to believe that this was his station and the proper place to alight, and if plaintiff, without any negligence on his part, attempted to alight, using ordinary care and diligence in such attempt, and that, before he had been given a reasonable opportunity to alight, the servants of defendant, without any warning being given, caused such train to start, and thereby plaintiff

was thrown down and injured as alleged, then plaintiff is entitled to recover.

"VI. A reasonable length of time in which passengers should alight is such time as a person of ordinary care and prudence under the circumstances should be allowed to take. It is the duty of the carrier, in determining what is a reasonable length of time, to take into consideration any special condition peculiar to any passenger, if known, and to the surroundings, and to give a reasonable time under the existing circumstances, as they are known by its servants, for the passenger to get off or on its train.

"VII. If you believe from the evidence that the plaintiff was injured by reason of the negligence of the defendant company, a recovery can not be defeated on the ground of contributory negligence unless it appears from the evidence that the plaintiff himself failed in the exercise of ordinary prudence, and that such failure so contributed to the injury that it would not have occurred if he had been without fault. Contributory negligence will not be presumed, but must be proved by a preponderance of the evidence.

"VIII. The court instructs the jury that if they should find from a preponderance of the evidence that the plaintiff was intoxicated at the time of the injury complained of, you are instructed that such intoxication, if any, does not, of itself, constitute a defense to plaintiff's right of recovery; and such intoxication, is not, in itself, evidence of contributory negligence, and is merely a circumstance to be considered by you in determining whether such intoxication contributed to the injury complained of; if it did not contribute to such injury, then such intoxication would be no defense to plaintiff's cause of action, and you should discard and disregard all testimony in regard to such intoxication in case you find that it did not contribute to plaintiff's injury."

*Read & McDonough,* for appellant.

1. The first instruction is based upon the lookout statute, Kirby's Dig. § 6607, and is not applicable to state of facts like the facts in this case. If plaintiff's statements be true, his injury was due, not to the sudden start of the train, but to the failure to warn. It was therefore error to put the burden upon the defend-

ant.   44 Ark. 330; 23 Atl. 989; 52 Ark. 517; 51 Ark. 460; 58 Ark. 454; 40 Ark. 298.   See also 70 Ark. 481.

2.   The third instruction is abstract and misleading, and erroneously assumes that the defendant misled the plaintiff.

3.   The fifth and sixth instructions are inapplicable to the facts.   There was no issue that the defendant failed to give sufficient time to alight at a station, and there was no duty resting on the defendant to hold its train long enough at a temporary stop to allow the plaintiff to alight.   Instructions which are not applicable to the facts of a case are erroneous.   41 Ark. 282; 37 Ark. 580; 9 Ark. 212; 13 Ark. 317; 16 Ark. 628; 26 Ark. 513; 57 Ark. 615; 42 Ark. 57; 54 Ark. 336; 58 Ark. 454.

*Scott* and *Head*, for appellee.

1.   Appellant's exceptions to the instructions given, being in gross, are insufficient, and ought not to be considered.   75 Ark. 181; 76 Ark. 482; *Id.* 41; 38 Ark. 539.

2.   The first instruction is not based upon Kirby's Dig. § 6607 alone.   See also *Id.* § 6773, upon which appellee especially relies.   As supporting this instruction, see 66 N. E. 478; 73 Ark. 548.   For construction of above sections, 99 S. W. 81.   Under other instructions given the jury, before finding in plaintiff's favor, must have found that he was not guilty of negligence, hence this instruction could not have been prejudicial.   In the absence of contributory negligence, the presumption of the carrier's negligence arises.   142 Fed. 955; 6 Cyc. 629; 7 Am. Rep. 699; 65 N. E. 557; 20 Barb. 282.

3.   The third instruction is the law, and has been approved by this court.   75 Ark. 211.   If it was objectionable, it was appellant's duty to make known its objections specifically in the court below.   73 Ark. 539; 65 Ark. 255; 73 Ark. 594; 75 Ark. 325.

4.   The fifth and sixth were proper instructions.   3 Thomp. Neg. § 2870; 24 N. E. 631; 33 N. E. 204; 6 Cyc. 613-14; 26 So. 466.

Hill, C. J.   The principal attack is made on the first instruction, which is copied in the statement of facts.   Appellant argues that this instruction is only proper when the negligence of the company is a failure to obey the lookout statute.   Section 6607 of

Kirby's Digest. But counsel are in error in this, for it has been held that, under section 6773 of Kirby's Digest, placing responsibility upon railroads where injury is done to persons or property by the running of trains, a *prima facie* case of negligence is made out against the company operating the train by the proof of the injury. *Barringer* v. *St. Louis, I. M. & S. Ry. Co.*, 73 Ark. 548; *St. Louis, I. M. & S. Ry. Co.* v. *Standifer*, 81 Ark. 276.

It is argued that the Barringer case was where injury was caused by the sudden jerk of the train, and therefore it may have been an injury caused by the running of the train, whereas the injury here was caused by the failure to warn Davis that the stop was a temporary one before the town of Ashdown was reached.

The testimony of Davis is that the station of Ashdown was called in the usual way, and that shortly afterwards the train came to a full stop, and that he was a stranger and unfamiliar with the place, and thought that it was the regular stop for Ashdown, and he started to get off, and just as he was in the act of alighting the train started, and threw him against the side of it and injured him.

There were two concurring causes which produced his injuries, if his testimony is true: the failure to warn him that the stop was a temporary one, which led him to debark from the train at this place; and second, the movement of the train when he was in the act of alighting at the place where he had been impliedly invited to alight. The immediate cause of the injury was the movement of the train, and it was proper to apply the *prima facie* presumption resting upon the company arising from injury resulting from the movement of the train.

The burden of proof was upon the plaintiff to prove failure to warn him of the temporary stop. That was a sharply contested issue before the jury, and the court in another instruction properly put the burden of proof upon him upon this issue.

2. Various other instructions are criticised, but it is doubtful whether any except No. 1 is before the court for review. The motion for new trial contains the following: "The court erred in giving instructions numbered one to.........on behalf of the plaintiff." It has often been said that exceptions which are not brought forward in the motion for new trial are waived. *Young* v. *Stevenson*, 75 Ark. 181. But, as the court has reached

a conclusion that the judgment should be affirmed on the merits, it prefers to place the decision on the questions presented, rather than upon the failure to properly present them.

3.   Appellant criticises the third instruction.   This is a copy of a statement in Hutchinson on Carriers, which was quoted approvingly by this court in *Little Rock Traction & El. Co.* v. *Kimbro,* 75 Ark. 211.

4.   The fifth and sixth instructions are criticised; and they are not happy expressions of the true issue of the case.   But the court is unable to see that they could in any way be prejudicial. The court attempted to place before the jury the rights that a passenger would have if the station of Ashdown had been reached, on the theory that Davis had a right to presume that the train had reached Ashdown when this temporary stop was made. To that extent the instructions are right, but they contain general propositions about the duty of the company after the train reached Ashdown that were unnecessary to the issue.   But they are correct abstract statements of the law, and could not influence the jury to the detriment of the appellant, as they went to no matter which was in issue between the parties.

5.   The seventh instruction is criticised for having this clause therein: "And that such failure so contributed to the injury that it would not have occurred if he had been without fault."   Without such qualification, the instruction would authorize the jury to find against a plaintiff who failed in the exercise of ordinary care, where such failure was not a contributing cause to the injury; it is only negligence which contributes to the injury that defeats recovery.   This instruction was considered by the court in *St. Louis, I. M. & So. Ry. Co.* v. *Robert Hitt,* 76 Ark. 227. this one being a copy of the fourth instruction in said case.

6.   Complaint is made of the eighth instruction.   This instruction is a correct statement of the law, and is evidently framed in the language used by Judge Caldwell in speaking for the Circuit Court of Appeals of the 8th Circuit, in *Trumbull* v. *Erickson,* 38 C. C. A. 536, 97 Fed. 891.

7.   The court gave eight instructions on behalf of appellant. Some of them were more favorable to it than the law authorized.

Certainly they presented every phase of the appellant's case that it was entitled to have presented to the jury.

Judgment is affirmed.

BATTLE, J., dissents.