ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
v. STELL.

Opinion delivered September 21, 1908.

1. CARRIER—INJURY BY RUNNING OF TRAIN—PRESUMPTION.—Where a passenger, while entering a railway train, fell and was injured by reason of the running or moving of the train, the presumption is that he received the injury on account of the negligence of the railway company. (Page 311.)

2. INSTRUCTIONS—REPETITION.—It was not error to refuse to give an instruction asked by appellant if it was covered by another instruction given by the court. (Page 312.)

3. DEPOSITION—LEADING QUESTIONS.—It is within the trial court's discretion to permit the deposition of a witness to be read, though some of the interrogatories propounded to the witness were leading questions. (Page 312.)

4. EVIDENCE—MATTER OF COMMON KNOWLEDGE.—In a suit to recover for personal injuries, it was not error to permit plaintiff to testify what

services his physician had rendered him, though he was unable to testify what the physician's bill would be, as the jurors were as competent as he to determine from their common knowledge and experience what such services would cost him.  (Page 312.)

Appeal from Chicot Circuit Court; *Henry W. Wells,* Judge; affirmed.

### STATEMENT BY THE COURT.

McSawyer Stell brought suit for personal injuries against appellant railroad company.  Appellee's statement of how the injury occurred is as follows:

He was at Collins, a station on appellant's road, where he had been doing some dental work.  He carried his two grips over to the depot, and set them down close to where he thought the train would stop.  While waiting for the train to arrive, he stood there talking to some acquaintances.  When the train arrived, he waited for the passengers to get off before he started to get on the train.  Just as he got on the box, put there for the use of passengers in getting on and off the train, and had put one foot on the first step of the coach, the train started up, and pitched him on the step and wrenched his back.  The train did not stop at Collins any more.  He went on in the train with his two valises, which were heavy.  As soon as he got in the coach, he began to suffer severe pain.  When he arrived at Dermott, his home, he went out on the platform and called a negro to carry his grips to his house.  He walked to his home, laid down on a couch and could not speak for five minutes.  He had Dr. Barlow telephoned for.  He was in bed three days and nights, suffering constant pain.  After he got up, he was confined to his house for a week or two.  He suffered time and again after he got up, and still suffers from the effect of the injury.  He suffers now at times in the lumbar regions of the back.  He was tolerably strong at the time he was hurt, and had never suffered any pain.  He has not been strong since he received the injury.  Dr. D. Barlow treated him for three weeks after he was hurt, visiting him at his home three or four times.  After that he went to the doctor's office for treatment.  The doctor has not yet rendered him a bill for his services, and he does not know how much he will charge him.  He expects a bill to be rendered.  On cross-examination, he stated that he is not a very good jumper, but had jumped a

little bit at Holley the day before the trial. That he does not know how long the train stopped, but that he got on it just as soon as the people got out.

Dr. E. E. Barlow testified that he treated appellee for the injury complained of. That he was suffering from severe pain in the lumbar muscles of the back, and was unable to walk, stand or move himself without increasing pain.

Thomas Smith testified that as appellee stepped off the footstool that was on the ground the train started up. That there were a couple of grips in his hand, and that "the train jerked him right smart."

Appellant adduced testimony tending to show that the train remained at the station a sufficient length of time for all passengers to get on and off the train with perfect safety. That, after the conductor had given orders for the train to pull out after announcing "All aboard," appellee, who had two suit cases in his hands, boarded the train just as it was pulling out. That the train stopped at Collins on the day appellee was hurt one minute. That the accident occurred on the 11th day of May, 1907, and that on the 14th day of November, 1907, the appellee was in a jumping match with several persons and outjumped all of them.

There was a jury trial, and a verdict for appellee in the sum of $1,000.

The case is here on appeal.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

1.   The court should have excluded the testimony of appellee as to expenses for medicine and doctor bill, etc., when he was unable to testify to any amount that he paid out.

2.   The deposition of Dr. Barlow should have been excluded because of the irrelevant and leading questions asked, no proper foundation was laid, and there was nothing in the deposition tending to connect appellee's condition with any injuries received on appellant's train.

3.   The court erred in charging the jury that if the plaintiff fell while entering defendant's train by reason of the running or moving of said train, etc., the presumption was that he received the injury on account of defendant's negligence, provided he himself was not guilty of contributory negligence. There can be

no presumption indulged where all the facts are known; besides, this case does not fall within the rule.    85 Ark. 117; Black's Law Dict. 932; 33 S. W. 635; 70 Pac. 223.    See also 73 Ark. 551.

4.  If appellee's own negligence contributed to the injury, he cannot recover, notwithstanding appellant may have been negligent, if the accident would not have happened but for his own concurring and co-operating fault.    76 Ark. 35; 40 Ark. 298; 49 Ark. 277; 48 Ark. 106; 36 Ark. 371; 61 Ark. 549.

*R. A. Buckner,* for appellee.

1.  Leading questions are sometimes necessary, and whether or not they will be permitted or admitted is within the discretion of the trial court.    1 Greenleaf on Ev. 434; Wharton on Ev. 8, 499, 504; 64 Mo. 267; 78 Ill. 342; 2 McLean (U. S.) 325; 1 Keyes, 53; 87 Pa. 124; 2 Gray 282.    Except in case of flagrant abuse, this court will not interfere with the discretion of the lower court.    84 Ark. 81.

2.  Appellant was entitled to compensation for the bodily injuries received, the pain suffered, the effect of the injuries upon his health, expense of sickness, and the pecuniary loss sustained because of inability to transact his business.    70 Ark. 136; 37 Ark. 579; 83 Ark. 585; 30 L. R. A. 658.

3.  There is no error in the court's instruction with reference to the presumption arising from the accident.    Stephens' Dig. Law of Ev. 4; 1 Greenleaf on Ev. 14, 46; 80 Ark. 19; 41 L. R. A. 836; 83 Ark. 217; 82 Ark. 393; 73 Ark. 548.

HART, J.  (after stating the facts.)    The principal contention of appellant is that the trial court erred in instructing the jury that if it should find from the evidence that appellee fell while entering appellant's train by reason of the running or moving of said train, and was injured thereby, then the presumption is that the appellee received said injury on account of the negligence of appellant, provided appellee was not guilty of contributory negligence himself.

There was no error in this.  A like instruction was approved by this court in the case of *Choctaw, Oklahoma & Gulf Rd. Co.* v. *Hickey,* 81 Ark. 579.    That was a case where the injury was caused by sudden jerk of the train which threw the passenger from the steps of the coach while he was attempting to board the train.

In the case of *Kansas City Southern Ry. Co.* v. *Davis*, 83 Ark. 217, the court said:

"The principal attack is made on the first instruction, which is copied in the statement of facts. Appellant argues that this instruction is only proper when the negligence of the company is a failure to obey the lookout statute. Section 6607 of Kirby's Digest. But counsel are in error in this, for it has been held that under section 6773 of Kirby's Digest, placing responsibility upon railroads where injury is done to persons or property by the running of trains, a *prima facie* case of negligence is made out against the company operating the train by the proof of the injury. This was a case where the passenger was injured while getting off the train. But there is no difference in the principle as applied to passengers embarking or debarking from a train. The reason of the rule is that the railroad company has sole control of the movement of its trains, and in that respect the passenger can do nothing to insure his personal safety.

Appellant also complains that the court did not give the instructions on contributory negligence asked by it, but the instructions given by the court fully covered that phase of the case. The relative duty to each other of common carriers and of passengers about to embark on railroad trains was correctly given to the jury by the court in accordance with rule announced by this court in the case of *Barringer* v. *St. Louis, Iron Mountain & Southern Ry. Co.,* 73 Ark. 543.

Appellant assigns as error the reading of the deposition of Dr. Barlow to the jury for the reason that some of the interrogatories propounded to him were leading questions. This was a matter within the discretion of the trial court, and, besides, an examination of the record does not disclose that any prejudice resulted to appellant therefrom.

Appellant also objects to the testimony of appellee in regard to his expenses for doctor's bill because he was unable to testify what amount he had or would have to pay out therefor. Appellee stated that his physician had not presented his bill, and that he did not know what amount he would charge. He testified what services the physician rendered, and, in the absence of any knowledge on his part of the amount that would be charged, the jurors were as competent as he to determine from their com-

mon knowledge and experience what such services would cost him.

There was sufficient testimony to submit the issues to the jury, and its finding will not be disturbed.

Judgment affirmed.