The judgment is therefore reversed, and the cause dismissed.

WOOD, J., not participating.

---

ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.*

BRIGGS.

Opinion delivered November 2, 1908.

<div style="float:right">
| 87 | 581 |
| f88 | 18 |
| 88 | 207 |
</div>

1.  CARRIERS—STARTING TRAIN WHILE PASSENGER IS ALIGHTING—PRESUMPTION.—Where a train is started while a passenger is attempting to alight from it, and he is thereby injured, a *prima facie* case of negligence is made against the railroad company, in contemplation of Kirby's Digest, § 6773, providing that railroads "shall be responsible for all damages to persons and property done or caused by the running of trains in this State." (Page 585.)

2.  SAME—DUTY TO NOTIFY PASSENGER OF TRAIN MOVEMENTS.—After a train has stopped at a station and before a passenger has had time

to alight, it is the carrier's duty to give him notice in some way of all movements of the train. (Page 586.)

3. SAME—DUTY TO LIGHT STATIONS AT NIGHT.—It is the duty of a railroad company to provide lights at its stations for the safety of passengers in arriving or departing at night. (Page 586.)

4. SAME—DUTY TO STOP TRAINS AT STATIONS.—It is the duty of a railroad company to stop its train so that passengers may alight upon the platform; and if it fails to do so, and a passenger is without fault injured by reason thereof, the company is liable. (Page 586.)

5. TRIAL—IMPROPER ARGUMENT.—It was not error to refuse to permit the railroad's attorney to argue that the real cause of action of plaintiff, a negro passenger, was the fact that the negro coach passed the depot while the white coach stopped at the depot platform, if there was no testimony from which such fact might be inferred. (Page 586.)

6. EVIDENCE—RELEVANCY.—Where a passenger sued for personal injuries caused by the defendant's train being started while she was in the act of alighting, it was not error to refuse to permit defendant to ask her as to the height of her shoe heels at the time she received the injury; the question not being pertinent to the issue. (Page 587.)

Appeal from Nevada Circuit Court; *Jacob M. Carter,* Judge;

### STATEMENT BY THE COURT.

Francis Briggs, a colored woman, brought this suit against the St. Louis, Iron Mountain & Southern Railway Company, to recover damages for injury sustained by her in alighting from the company's train. The facts as stated by plaintiff are as follows:

On the 5th day of January, 1906, she was a passenger on defendant's train, going from Hope, Arkansas, to Emmett, Arkansas. The train arrived at Emmett at 10 o'clock in the night time. The train porter called the station. She went out of the door of the coach as soon as the train stopped; she started to get off. Just as she got on the bottom step, the train gave a jerk and started up. This caused her to fall from the step, and in falling her ankle was twisted. There was no light there, nor was there any one to assist her on alighting from the train. The train had run past the station. There was a gravel platform. The train stopped beyond this platform, between it and the mail crane. The ground where the train stopped and where she attempted to get off the train was somewhat rolling. On account of the injury, she was not able to work for six months. She

still suffers from the effects of the injury. Other evidence was adduced in her behalf, tending to substantiate her statements, both as to the extent of her injury and the manner in which it occurred.

The railway company denied negligence and adduced evidence to establish its defense.

Appellant objected to the giving of the following instructions, and saved exceptions thereto:

"1. You are told that the carriers of passengers by steam are held to a high degree of care, and are responsible for a very small degree of negligence. They are bound to provide safe and convenient means of ingress and egress to and from their cars, to remain stopped at stations a reasonable length of time to permit passengers to leave the cars with safety. When a train has stopped at a station, and before the passengers have had time to alight, it is their duty to give the passengers notice in some way of all moves of the train. If in this case you find from a preponderance of the evidence that the defendant failed in the discharge of its duty in either of these respects while the plaintiff was a passenger on the train, and that such failure caused the injury without fault on plaintiff's part, your verdict should be for the plaintiff."

(To the giving of this instruction the defendant at the time objected; objection overruled and exceptions saved.)

3. "You are further told that in providing safe and convenient means of egress and ingress it is the duty of the railroad company to provide lights at their stations for the safety of passengers arriving or departing at night; and if a passenger is injured, without fault of his or her part, by the failure to provide such lights, the company is liable. So in this case, if you believe from a preponderance of the evidence that the defendant failed to provide lights so that the plaintiff could see how to alight in safety, and that she was, without fault on her part, injured by reason of such failure to provide lights, your verdict should be for the plaintiff."

(To the giving of this instruction defendant at the time objected upon the ground that same is abstract and not based upon any evidence; objection overruled and exceptions saved.)

4. "You are told that it was the duty of the defendant to

stop its train so that the plaintiff could alight upon the platform; and if it failed to do so, and the plaintiff was without her fault injured by reason thereof, your verdict should be for the plaintiff."

There was a jury trial, and verdict for plaintiff in the sum of four hundred dollars.

Defendant has appealed.

*James H. Stevenson, T. M. Mehaffy* and *J. E. Williams,* for appellant.

1.  The evidence is not sufficient to establish negligence on the part of appellant, either on the ground of failure to stop the train a reasonable time and the sudden start before appellee had time to alight, or failure to provide lights, or to provide a step at the platform, or to have a porter to help her to alight. On the last point, it is well settled that a carrier is under no duty to furnish servants to assist passengers in alighting from trains. 6 Cyc. 611; 104 Ga. 127; 74 Ia. 732; 73 Ia. 579; 18 L. R. A. 599; 94 Mo. 255; 80 Mo. App. 152.

2.  The first instruction given by the court was too general and abstract, but that part of the instruction which tells the jury that "when a train has stopped at a station, and before passengers have had time to alight, it is the carrier's duty to give passengers in some way notice of all movements of the train," is especially erroneous. The carrier has discharged its duty when it has stopped the train a reasonable time to allow passengers to alight, except where special circumstances are shown which put the train operatives on notice that to move the train at the end of such time would endanger some one, or where a passenger has been misled as to the time it would start. 6 Cyc. 613; 89 Ga. 455; 106 N. C. 63, 64; 70 Tex. 159; 54 Ark. 25; 20 Wis. 362; 9 Ind. App. 462; 80 Mo. 220; 73 Ia. 579.

3.  The third instruction is not based upon the evidence, or responsive to the issue really made thereby at the trial. Under plaintiff's own statement, the failure to provide lights, if true, was not the proximate cause of her injury.

4.  The fourth instruction imposes too strict a duty upon the carrier. The rule is that the carrier must use reasonable care to provide safe landing places or platforms, but there is no absolute duty to provide a board platform, instead of one of cinders or

dirt. The instruction would require the train to pull each coach containing passengers successively along side of the platform, or else provide a plank platform as long as the train. That is not the law. 6 Cyc. 608-9; 58 La. Ann. 130; 37 *Id.* 648; 65 Md. 571; 44 Miss. 466; 120 Mo. 575; 33 Pa. St. 318; 24 Wis. 578.

*McRae & Tompkins* and *D. L. McRae,* for appellee.

1. It is in evidence that the appellee started to get off the car immediately when the train stopped, and there is no evidence of delay on her part. It follows that appellant was negligent in starting the train before she had time to alight. Moreover, under the statute, the injury caused by a running train being proved, a *prima facie* case of negligence was made out, and the burden was on appellant to prove that it was not negligent. 83 Ark. 217; 41 L. R. A. 836; 13 Peters 181. It is negligent to start a train when a passenger is getting on or off, no matter how long it has stopped, if those having charge of its movements know, or with reasonable care might know, that the passenger is in the act of alighting or getting on. 81 S. W. 778; 52 C. C. A. 142; 40 S. W. 72; 2 Hutchinson on Car. § 1118; 73 Ark. 548; 116 Ga. 743; 6 Cyc. 613. If the train stops at an unusual place, or overshoots the platform, or stops short of it, the company must provide assistance for passengers, give warning, or move the car to a more suitable place. 84 N. Y. 241; 44 Miss. 466; 41 Ind. 77; 2 Wood on Railroads, 1353, § 312; 115 Ind. 435. A carrier must furnish lights and stop its trains at platforms. 49 Ark. 277; 69 Ark. 369; 44 Miss. 466; 2 Wood on Railroads 1290, § 305.

2. There is no error in the first instruction. The authorities cited by appellant sustain the instruction. See, also, 44 Ark. 330; 70 Ark. 264; 33 Pac. 213; 83 Ark. 217.

HART, J., (after stating the facts.) Counsel for appellant assign as error that there is no evidence of negligence on the part of the company. In response to this argument, it is only necessary to state that where a train is started while a passenger is attempting to alight from it, and he is thereby injured, a *prima facie* case of negligence is made against the company, in contemplation of section 6773 of Kirby's Digest, providing that railroads shall be responsible for all damages to persons or property caused by the running of trains in this State. *Kansas City Southern Ry. Co.* v. *Davis,* 83 Ark. 217, and cases cited.

Counsel for appellant chiefly rely for a reversal upon the action of the court in telling the jury in instruction No. 1 that where a train has stopped at a station, and before the passengers have had time to alight, it is the carrier's duty to give passengers, in some way, notice of all movements of the train. They cite the case of *Railway Company* v. *Tankersley,* 54 Ark. 25, in support of their contention. This, with the argument made in their brief, shows that they have confused the duty of the railway company after the station is called and before its passengers have had time to alight with that it owes passengers after its train has stopped long enough to give them an opportunity to alight. There is no conflict in the two rules. Each is applicable to its own state of facts. Here the appellee says that she started at once to leave the train when it was stopped and fell before she had had time to debark from it. The instruction was applicable to the state of facts under consideration, and its application to such state of facts was recognized and approved by this court in the case of *Kansas City Southern Ry. Co.* v. *Davis, supra.*

Counsel for appellants also objected to the giving of instruction No. 3, and ask a reversal because in it the court told the jury it was the duty of the railroad company to provide lights at its stations for the safety of passengers in arriving or departing at night. There was no error in giving this instruction. *St. Louis, Iron Mountain & Southern Railway Company* v. *Battle,* 69 Ark. 369; *Fordyce* v. *Merrill,* 49 Ark. 277.

Counsel for appellant argue that the fourth instruction required the company to stop the train until the passengers alight therefrom. We do not think the instrument is susceptible of any such construction. That it was the duty of the railroad company to stop its trains at its platforms, see 2 Hutchinson on Carriers, § 1117; *Memphis & C. Rd. Co.* v. *Whitfield,* 44 Miss. 466.

Appellant also asks for a reversal because the court did not permit its counsel to present to the jury in his argument that the real cause of action was the fact that the negro coach passed the depot while the white coach was stopped at the depot platform. The court properly refused to allow this line of argument. There was no testimony from which such fact might be inferred, and

beside its evident purpose was to stir up race prejudice and to hold up appellee to ridicule before the jury.

Again, appellant asks for a reversal because its counsel was not permitted to ask appellee as to the height of her shoe heels at the time she received the injury. The question was not pertinent to the issue, and was evidently asked to provoke merriment at the expense of appellee.

Finding no error in the record, the judgment is affirmed.