ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY *v.* PUCKETT.

Opinion delivered November 23, 1908.

1. RAILROADS—KILLING BY TRAIN—PRESUMPTION.—Under Kirby's Digest, § 6773, as construed by the court, proof that an employee was injured by the running of a train raises a *prima facie* case of negligence against the railroad company. (Page 207.)

2. SAME—WHEN QUESTION FOR JURY PRESENTED.—When, to overcome the presumption of negligence arising from proof that a person was killed by a train, the railroad company proved that the trainmen gave sufficient warning before the train was started, testimony on the part of the plaintiff of a witness who was near deceased when he was killed that witness did not hear any signal of warning, and that he would have heard it if such warning had been given, presented an issue of fact for the jury. (Page 207.)

3. MASTER AND SERVANT—RULES—NOTICE.—A servant is not bound by a rule of the master which was not brought to his attention. (Page 209.)

4. SAME—VIOLATION OF RULE BY SERVANT—WHEN MASTER LIABLE.—Where a servant was killed while in a place of danger in violation of a rule of the master which had been brought to his knowledge, such fact does not preclude his personal representative from recovering for the master's negligence if the rule was habitually violated with the master's knowledge or acquiescence, or if the servant went there under the direction of his foreman. (Page 209.)

5. INSTRUCTIONS—WHEN ABSTRACT CHARGE PREJUDICIAL.—Reversal will be ordered for error in the giving of an abstract instruction only where, under the circumstances, it cannot be determined whether the verdict was based upon the abstract instruction. (Page 209.)

6. SAME—GENERAL OBJECTION.—A general objection to an instruction is insufficient to call attention to the fact that it lacks a qualification which the court would doubtless have made had its attention been called thereto. (Page 210.)

7. RAILROADS—DUTY TO KEEP LOOKOUT.—The statutory requirement that railroads shall keep a constant lookout for persons and property upon their tracks (Kirby's Digest, § 6607) applies to railroad yards as well as other places, and is for the benefit of employees as well as others. (Page 210.)

Appeal from Faulkner Circuit Court; *Frederick D. Fulkerson,* Judge, on exchange; affirmed.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

1. The record here is not sufficient to show negligence on the part of appellant. Under the facts as developed in this case, to hold appellant to a measure of precaution that would have prevented such an accident would be to make it an absolute insurer against any injury or accident that might occur in the operation of its trains in or out of its yards. Such is not the law. The only duty resting on appellant in moving its train of cars was to take ordinary and reasonable precautions to warn workmen out of the way. 67 Ark. 377.

2. An instruction on the question of negligence, without defining what constitutes negligence, is abstract and misleading, and it is error to give such an instruction. 76 Ark. 599; 77 Ark. 261; *Id.* 567; 78 Ark. 177; 82 Ark. 424.

3. The court's modification of the eighth instruction requested by appellant was erroneous. Before a habitual violation of the company's rule would justify the abrogation or disregard of such rule, it must be shown that such violation was with the knowledge and acquiescence of the company or its superior officers. 77 Ark. 405.

It can not be said which of the two disjointed propositions submitted by the court's modification the jury followed. 70 Ark. 443; 58 Ark. 324.

*J. H. Harrod* and *A. J. Newman,* for appellee.

1. The burden was on appellant to show that its employees

were not guilty of negligence. The testimony of Jones shows that no warning was given. The fact that none was given is sufficient to sustain the verdict.

2. Instructions are to be considered as a whole. The court fully explained what would constitute negligence in this case, in instructions given at request of appellant.

3. The eighth instruction as modified was still more favorable to appellant than it had the right to ask for. There is no proof that any of the company's rules had ever been made known to the deceased. An employee is not bound by rules that have not been brought to his attention. 48 Ark. 333.

Hart, J. This is a suit for damages brought by W. D. Puckett as administrator of the estate of A. G. Puckett, deceased, against the St. Louis, Iron Mountain & Southern Railway Company. The cause of action, as stated in the complaint, is substantially as follows: The deceased, A. G. Puckett, was an employee of the defendant, and was working as a carpenter, repairing cars on track four. At that time there were a number of cars standing on track seven that had been repaired and had been left standing there. That there was a space of three or four feet between the cars standing on said track seven that had been left open for the employees of the company to go through in passing over said track in their work in said yards. That on July 28, 1906, about 9 o'clock in the morning, the deceased, in the performance of his duty and in obedience to the command of his foreman, went on said track seven to hunt washers that he needed in the work of repairing cars. That while he was engaged in picking up washers on track seven, between said cars in the space that had been left open, the cars were run against each other, and he was caught between them and crushed. That he suffered great bodily pain and mental anguish from the time he was hurt until twelve o'clock that day, when he died. That the injury and death of Puckett were caused by the negligence of the defendant in running said cars together without giving him any notice or warning that the cars were about to be moved. Prayer for judgment both for the estate and for the father as next of kin for his pecuniary damage, the complaint showing that the father was his next of kin and that the deceased had contributed to his support.

The defendant answered, denying the material allegations of the complaint, and charged contributory negligence on the part of plaintiff's intestate.

Evidence was adduced by the plaintiff to sustain the allegations of the complaint as above set forth. The defendant adduced evidence to establish its defense. The defendant has appealed from a verdict and judgment in favor of plaintiff for $3,250.

Counsel for appellant contend that in any view of the case it only presents a matter of an unfortunate accident, and that the record is not sufficient to show any negligence upon the part of appellant.

The facts leading up to and causing the death of Puckett are not disputed. The accident occurred in the morning on track No. 7 in the yards of appellant company. The cars were placed there for the purpose of being repaired, and were separated, that is, not coupled together. This was for the convenience of the men engaged in repairing them. Some of the servants of the company were engaged in coupling them up, preparatory to taking them out. They cocked the levers and fixed the couplings so they would make themselves if properly opened. The engineer was given the signal to couple, and they tied to or coupled six cars together. The seventh car did not, and the impact of the engine and other cars against it shunted it down against the eighth car and crushed Puckett, who was between the eighth and ninth car from the engine. This made a *prima facie* case of negligence against appellant.

Under section 6773 of Kirby's Digest, placing responsibility upon railroads where injury is done to persons or property by the running of trains, a *prima facie* case of negligence is made out against the company operating the train by the proof of the injury. *Kansas City S. Ry. Co.* v. *Davis*, 83 Ark. 217, and cases cited; *St. Louis, I. M. & S. Ry. Co.* v. *Stell*, 87 Ark. 308; *St. Louis, I. M. & S. Ry. Co.* v. *Briggs*, 87 Ark. 581; *St. Louis, I. M. & S. Ry. Co.* v. *Fambro*, ante p. 12; *Little Rock & Ft. Smith Ry. Co.* v. *Blewitt*, 65 Ark. 235.

Counsel for appellant claim to have overcome this *prima facie* case of negligence by its testimony as to the warnings given before the engine started. They introduced evidence tending

to show that, immediately prior to the accident, its servants warned all the men to get from under and between the cars, and that they shouted warnings to all persons that the engine was about to start and for every one to beware of the danger. They testified that the engineer commenced to ring the bell before the engine started to couple the cars. This testimony, standing alone and uncontradicted, would have been sufficient to overcome the *prima facie* case of negligence. But appellee introduced a witness named Jones, who testified that he had just passed through the place where Puckett was hurt, and had not gone more than one hundred feet away when the accident occurred. He says that he did not hear the whistle or bell sounded, and thinks that he would have heard it if the whistle had been blowing or the bell ringing. He also says he did not hear the warnings given by the persons who were engaged in coupling the cars. This presented an issue of fact for the jury. Jones was in possession of all his faculties. The jury had a right to assume that the warnings were not given or the bell sounded, or else he would have heard it, and that if he did not hear them the deceased likewise did not hear the warnings. The deceased at the time he was hurt was not a member of the crew engaged in coupling together the cars, but appellee adduced evidence tending to show that his intestate was there pursuant to a command given him by his foreman, who had authority to direct his movements. We have no concern as to the weight of the testimony. That was peculiarly in the province of the jury. We think the facts and surrounding circumstances warranted their finding of negligence on the part of appellant.

Counsel for appellant in their brief admit that there was sufficient testimony to make the verdict of the jury conclusive on the question of contributory negligence. According to the testimony of appellee, his intestate had a right to go between the cars, and, for aught the record discloses, he may have gone in there immediately prior to the accident.

Counsel for appellant asked the court to give the following instruction:

"8. The court instructs the jury that if they find from the testimony that, under the rules and regulations of the defendant railway company, it had its regular established place for ma-

terials, where employees at work should come and get such tools and materials as they needed, then it was the duty of the deceased to have gone and gotten his material from that source, not attempting to go in a dangerous place around the yard, hunting for the same, and if you find that this was what he was engaged in at the time of his death, this would not excuse him or justify his placing himself in a dangerous place, between the cars."

The court gave it by adding thereto the following: "unless it appears that the rules and regulations were habitually violated, or Puckett had been directed by his foreman to get the washers anywhere he could."

Counsel for appellant objected to the modification, and now predicate reversal upon it because it left out the qualification that the rule in question was habitually violated with the knowledge or acquiescence of the company. In support of their contention, they cite the cases of *St. Louis, I. M. & S. Ry. Co.* v. *Dupree,* 84 Ark. 377, and *St. Louis, I. M. & S. Ry. Co.* v. *Caraway,* 77 Ark. 405. In both these cases it was shown that the servant knew of the existence of the rule. In the present case the record does not show that Puckett knew of the existence of such a rule. An employee is not bound by a rule of the company not brought to his attention. *Little Rock, M. R. & T. Ry. Co.* v. *Leverett,* 48 Ark. 333; *St. Louis, I. M. & S. Ry. Co.* v. *Holmes, ante,* p. 181. Besides, appellee bases his right to recover, not on the abrogation of any rule by its habitual violation with the knowledge or acquiescence of the company, but upon the fact that his foreman commanded him to do the act in question. It will be observed that the modification only directs the jury to disregard the main direction of the instruction in a certain alternative. The body of the instruction is not applicable to any theory of the case, and is purely abstract. It is manifest that the jury was not misled by it, and that the verdict was not based upon it. Appellee, both in his complaint and in his evidence, places the right of his intestate to be at the place where he was hurt on the ground that he was commanded by his foreman to go there in discharge of the duties for which he was employed. This phase of the case was fully and explicitly covered by other instructions asked by appellant and given by the court. "An incomplete instruction upon the subject of contributory negligence may be

aided by other and more explicit instructions given upon the same subject." *Little Rock & H. S. W. Rd. Co.* v. *McQueeney,* 78 Ark. 22. It is only where, under the circumstances, it can not be determined whether the verdict was based upon the proper instructions or the abstract instructions that a reversal will be had for the error in giving an abstract instruction. *St. Louis, I. M. & S. Ry. Co.* v. *Woodward,* 70 Ark. 441. Moreover, counsel for appellant only made a general objection to the modification of the instruction. Had they called the court's attention to the qualification, doubtless the court would have corrected it.

Counsel for appellant contend that the act of April 8, 1891, does not require a lookout to be kept by persons running engines in a railroad yard, and insist that the court erred in giving an instruction based upon that statute. This is not correct. "The statutory requirement that railroads shall keep a constant lookout for persons and property upon their tracks applies to railroad yards as well as other places, and is for the benefit of employees as well as others." *St. Louis S. W. Ry. Co.* v. *Graham,* 83 Ark. 61; *Kansas City S. Ry. Co.* v. *Morris,* 80 Ark. 528.

Counsel for appellant also object that one of the instructions given for appellee was too general, and that the court refused a concrete instruction asked by it. It is a well-known general rule that all the law of the case can not be given in one instruction, and that the instructions should be considered as a whole. We have carefully examined the instructions given by the court and are of the opinion that every phase of the case was fully, fairly and explicitly presented to the jury.

We find no error in the proceedings of the court below prejudicial to appellant. The judgment is therefore affirmed.