## HUCKABY v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

### Opinion delivered June 7, 1915.

1. CARRIERS—OPERATION OF TRAIN—INJURY TO PASSENGER—PRESUMPTION.—A *prima facie* case of negligence is made out against a railroad company by proof of an injury to a passenger while boarding or alighting from a train, caused by the operation of the train.

2. CARRIERS—OPERATION OF TRAIN—INJURY TO PASSENGER—CONFLICT OF LAWS.—The presumption of negligence arises in a suit brought in this jurisdiction upon proof of the fact of injury to a passenger by the operation of a railroad train in another State, where no such rule obtains, such presumption relating to the burden of proof and is governed by the law of the forum.

3. CARRIERS—OPERATION OF TRAIN—INJURY TO PASSENGER—BURDEN OF PROOF.—In an action for damages for personal injuries, caused by the operation of a train, the burden is upon the plaintiff to show the fact of injury by the operation of the train, and the damage resulting therefrom.

4. CARRIERS—INJURY TO PASSENGER—OPERATION OF TRAIN.—It is prejudicial error to tell the jury, in an action for damages for personal injuries caused by the operation of a train, that plaintiff assumed the risk of injury, when she became a passenger and attempted to board the said train, while the same was at a stop at a station to

receive passengers, by reason of a lurch or jerk of the train, while the same was at a stop.

Appeal from Grant Circuit Court; *W. H. Evans.* Judge; reversed.

### STATEMENT BY THE COURT.

This cause is revived here in the name of Amis, appellant's administrator, because of her death pending the appeal.

Plaintiff brought this suit for personal injuries alleged to have been received while she was attempting to board defendant's train at Alexandria, La., alleging that she started to step from the box to the lower step of the car; that it lurched suddenly backward and threw her against the steps and as she straightened up it lurched forward and caught her foot in the space between the tread of the lowest step and the rise between the steps and that she fell backward, straining and injuring her leg permanently.

Her testimony tended to support the allegations of the complaint, and physicians testified that she had sustained severe injuries to her left foot.

On the other hand, the testimony for the railroad company tended to show that there was no jerk or lurch of the train whatever during the time passengers were getting on, on the occasion when plaintiff claimed to be injured and none of the crew saw her falling and that no complaint was made that she had received an injury.

Her reputation was shown to be bad, and the proof also tended strongly to show that the steps of the coach were solid metal, with no space whatever between the tread and the rise and that there was no defect therein and no place where her foot could have been caught or fastened.

Other witnesses testified that she had received an injury to her foot at the town of Eros, La., where she stepped through a bridge or defective sidewalk, or into a pile of refuse of some kind and that she was crippled thereby.

The court charged the jury, giving over appellant's objection instructions numbered 2, 14 and 15, as follows:

"2.    The burden is upon the plaintiff in this case to prove all of the material allegations in her complaint, and before she can recover, she must prove these by a preponderance of the evidence; that is, a greater weight of the evidence, and unless she has done so, you must find for the defendant.

14.    You are instructed that unless plaintiff has shown by a preponderance or greater weight of the evidence that the injuries alleged in her complaint are the result of some negligent act of the defendant, its agents or servants, then she can not recover, it matters not how she may have received her injuries, or what the extent of her injuries is.

15.    You are instructed that even though you may believe from the evidence that plaintiff fell while she was attempting to board the train, and even though you may further believe that she was injured by the fall; yet this is not sufficient to entitle her to recover, unless she go further and prove by a greater weight of the evidence that the cause of such fall was some act of negligence on the part of the railway company, and if she fell from some other cause other than some act of negligence, on the part of the railway company, then she can not recover, and your verdict will be for the defendant."

And also 12 and 13, as follows:

"12.    You are instructed that when one becomes a passenger on a railroad train, that he assumes all risk of being injured by the usual and ordinary lurches and jerks of the train; and if plaintiff's alleged injuries occurred from such lurch or jerk, then she can not recover, and your verdict will be for the defendant.

"13.    You are instructed that contributory negligence on the part of the plaintiff, if any degree, however small, will bar a recovery on her part; therefore, if you believe from the evidence that plaintiff was guilty of negligence in the least degree which contributed to her injury, then she can not recover, and your verdict will be for the defendant."

The jury returned a verdict against plaintiff, and from the judgment thereon this appeal is prosecuted.

*Wynne & Harrison,* for appellant.

1.   A *prima facie* case of negligence is made against a railway company by proof of an injury caused by the operation of its train, and thereupon the burden is upon the company to show that it was not negligent.   Kirby's Dig., § 6773; 73 Ark. 548; 81 *Id.* 579; 83 *Id.* 221; 87 *Id.* 581; 87 *Id.* 308; 113 Ark. 265.   The instructions placed the burden on plaintiff to show negligence.   This was error.

2.   Instruction No. 12 was erroneous and prejudicial.   87 Ark. 581-308; 215 Fed. Rep. 37; 108 La. 423; 111 La. 395, etc.

3.   Instructions 11 and 13 are abstract.   101 Ark. 537.

*E. B. Kinsworthy, W. R. Donham* and *T. D. Crawford,* for appellee.

1.   The burden was on plaintiff to prove negligence. 16 Cyc. 934-5; 74 Ark. 607; 57 *Id.* 136; Kirby's Dig., § § 3106-7.

2.   To hold a carrier liable for injury to a passenger by reason of a jolt of the car, or jerk, plaintiff must show that it was caused by the carrier's negligence.   7 L. R. A. (N. S.) 1076.   73 Ark. 548 does not apply here.

3.   The twelfth instruction was not erroneous. While it is the duty of the carrier to use the highest degree of care practicable, it is not responsible for injuries from jerks and bumps of cars usually incident to such trains when operated with such care.   2 Moore on Carriers, p. 1220; 58 S. W. 526; 72 *Id.* 717; 36 *Id.* 247; 5 N. Y. 63; 135 Ala. 417; 7 L. R. A. (N. S.) 1078.

Kirby, J., (after stating the facts).   (1)   The rule is so well established in this State as to be no longer questioned that a *prima facie* case of negligence is made out against a railroad company by proof of an injury to a passenger caused by the operation of its train.   Section 6773, Kirby's Digest; *Barringer* v. *St. Louis, I. M. & S. Ry. Co.,* 73 Ark. 548; *K. C. Sou. Ry. Co.* v. *Davis,* 83

Ark. 221; *St. Louis, I. M. & S. Ry. Co.* v. *Stell,* 87 Ark.
308; *St. Louis & S. F. Rd. Co.* v. *Coy,* 113 Ark. 265, 168
S. W. 1106.

And the rule is the same when the injury results
from the operation of the train to the passenger while
boarding or alighting from the train.    *St. Louis, I. M. &
S. Ry. Co.* v. *Stell, supra; Kansas City S. Ry. Co.* v. *Da-
vis, supra; St. Louis, I. M. & S. Ry. Co* v. *Briggs,* 87 Ark.
581; *Choctaw, Okla. & Gulf Rd. Co.* v. *Hickey,* 81 Ark.
579; *St. Louis, I. M. & S. Ry. Co.* v. *Williams,* 117 Ark.
329.

(2)    The presumption of negligence arises in a suit
brought in this jurisdiction upon proof of the fact of in-
jury to a passenger by the operation of a railroad train
in another State where no such rule obtains, such pre-
sumption relating to the burden of proof and being gov-
erned by the law of the forum.    *St. Louis & S. F. Ry.
Co.* v. *Coy,* 113 Ark. 265, 168 S. W. 1106.

It is contended that said instructions 2, 14 and 15
contravene this well established rule of law and that the
court erred in giving them.

(3)    Instruction numbered 2 only tells the jury that
the burden is upon the plaintiff to prove the material
allegations of her complaint by a preponderance of the
evidence and there was no error in giving it, the plaintiff
being required to prove by a preponderance of the testi-
mony that she was injured while attempting to board the
train by the sudden lurching or jerking of it.    Such facts
being proved, the presumption arises that the railroad
company was negligent without any further proof of any
negligent act upon its part.

This presumption of law, however, does not affect
the burden of proof nor relieve plaintiff from showing
the fact of injury by the operation of the train and the
damage resulting therefrom.    16 Cyc. 934-5; *Prescott &
N. W. Ry. Co.* v. *Brown,* 74 Ark. 607; *Railway* v. *Taylor,*
57 Ark. 136; Kirby's Digest, § § 3106, 3107.

The only question for the jury was whether plaintiff
was jerked or thrown down by the starting, jerking or

lurching of the train while she was attempting to board it as a passenger, and after it had come to a stop for that purpose, and by instructions 14 and 15, the court only meant to tell the jury that notwithstanding appellant proved she fell and was injured while attempting to board the train, she must go further and establish the fact that the fall was caused by some negligent act of the railroad company, or, in other words, by the jerking and lurching of the train after it had stopped to take on passengers, which was the only question of negligence submitted to the jury for their consideration.

If appellant feared that the jury did not understand or might be misled by the particular language of the instruction, she should have made a specific objection thereto and the court would doubtless have eliminated it.

(4)    We agree with appellant's contention that instruction numbered 12 is erroneous and prejudicial. It is not a correct statement of the law relating to the case made. This appellant was attempting to board the train after it stopped and during the reasonable time it was supposed to stand for allowing passengers to embark, and the train was not expected to move, lurch or jerk in such a way as to endanger her safety in so doing, and she assumed no risk of injury therefrom, as the instruction erroneously told the jury. For the error in giving this instruction, the judgment will be reversed.

Instructions numbered 11 and 13, relating to the duty of appellee not to hold its train more than a reasonable time for the embarkation of passengers and that contributory negligence upon the part of the plaintiff in attempting to board the train, would bar her recovery, appear to be abstract, there being no testimony in the record to support them.

For the error in giving said instruction numbered 12, the judgment is reversed and the cause remanded for a new trial.