Jones *v.* Missouri Pacific Railroad Company, Thompson, Trustee.

4-6338                                    150 S. W. 2d 742

Opinion delivered April 28, 1941.

*John H. Wright,* for appellant.

*Henry Donham* and *Pat Mehaffy,* for appellee.

Holt, J. Appellant, Climet Jones, sued appellee, Missouri Pacific Railroad Company and Guy A. Thompson, Trustee, to recover damages for personal injuries alleged to have been received while alighting from appellee's mixed freight and passenger train at Okolona, Arkansas, on April 3, 1940. He alleged in his complaint that after the train had stopped at Okolona, and while he was attempting to debark therefrom, appellee's employes caused the train to move forward in a "sudden,

violent and careless manner," and as a result he was injured.

Appellee answered denying every material allegation of the complaint and further alleged as a defense that if appellant were injured it was due to his own carelessness, negligence and willful conduct in deliberately falling to the station platform.

Upon a trial and at the conclusion of plaintiff's testimony, upon motion of defendant (appellee here), the court directed a verdict in favor of appellee. Appellee offered no testimony. Appellant has appealed.

Appellant Jones, along with Henry Stitt, after having purchased tickets, boarded appellee's train at Delight, Arkansas. When the train reached Okolona, Stitt proceeded to get off the train with appellant Jones following close behind him. We quote from Stitt's testimony:

"Well, I got off of the train—the train rolled up and stopped and I got off. I came down out of the train to the ground and I walked off the track a little bit and turned around and Jones was coming up and he fell from the train. . . . He fell from the second step. Q. Did he ever reach the stool or the step-box at the bottom of the steps? A. No, sir. . . . He fell about three feet. Q. Did you see anything that caused Climet Jones to fall? A. Well, yes, the train either taken a slack up or let it out. . . . All I knew, it either taken the slack up or let it out and it moved two or three feet. Q. Now, was it at that time that Climet Jones fell? A. Yes, sir." He further testified that appellant was injured by the fall.

Appellant testified that he is 26 years of age; that the train was a mixed passenger and freight. "Q. When you got to Okolona, did the train stop? A. Yes, sir." He and Stitt were the only two passengers that got off and Stitt got off first. "Q. When you started to get out of the train, I want you to tell this jury what happened. A. When I started out, just as I went to make—just like I was walking out the door—just as I went to place this foot on the second step the train gave some kind of little jerk that knocked my hand loose from the bar and I hit the back end of the other bar and hit the ground. Q.

Describe this jerk you are talking about—what did that jerk cause? A. It caused this foot to slip out from under me and this one missed the step and I fell down on my shoulder and knee and back. Q. Did you strike anything in falling? A. I kind of struck the back of the train, as well as I can remember. Q. Had you ever gotten down to the stool or step-box? A. No, sir. Q. How far down the steps had you gotten? A. I hadn't never got down on the steps—I was just fixing to get down on them. . . . Q. When you struck the ground, tell the jury what effect that had on you. A. I don't know—I was knocked out. .. . . Now then, how far did the train move, if you know? A. I just don't know—it didn't move far. Q. All you know is it jerked? A. Yes, sir."

He further testified that he was hurt, has been under the care of a physician since his injuries, and used crutches for a month.

Roamie Wylie testified on behalf of appellant that he was about a hundred feet from the train and saw appellant falling and that the train gave a lunge and appellant fell. He saw appellant on the ground and helped carry him to an automobile. His leg was bleeding.

Hosea Fultz testified: "It looked to me like the train made some little racket, like it might have moved or something like that. Q. Did you actually see the train move? A. It moved a little—it jerked. . . . Q. How far would you say it moved? A. It moved a foot or two. Q. It just simply jerked forward? A. Yes, sir. . . . Q. You say he was falling when you first looked over there? A. Yes, sir, he was falling out of the train when I looked up." That he was about a hundred yards away at the time.

Under facts, similar in effect, the rule, as to the liability of the railroad company, is stated in *Huckaby* v. *St. Louis, I. M. & S. Ry. Co.*, 119 Ark. 179, 177 S. W. 923, by this court: "The rule is so well established in this state as to be no longer questioned that a *prima facie* case of negligence is made out against a railroad company by proof of an injury to a passenger caused by the operation of its train. Section 6773, Kirby's Digest (now

§ 11138, Pope's Digest); *Barringer* v. *St. Louis, I. M. & S. Ry. Co.*, 73 Ark. 548, 85 S. W. 94, 87 S. W. 814; *K. C. Southern Ry. Co.* v. *Davis*, 83 Ark. 217, 103 S. W. 603; *St. Louis, I. M. & S. Ry. Co.* v. *Stell*, 87 Ark. 308, 112 S. W. 876; *St. Louis & S. F. Rd. Co.* v. *Coy*, 113 Ark. 265, 168 S. W. 1106.

"And the rule is the same when the injury results from the operation of the train to the passenger while boarding or alighting from the train. *St. Louis; I. M. & S. Ry. Co.* v. *Stell, supra; Kansas City S. Ry. Co.* v. *Davis, supra; St. Louis, I. M. & S. Ry. Co.* v. *Briggs*, 87 Ark. 581, 113 S. W. 644; *Choctaw, Okla. & Gulf Rd. Co.* v. *Hicky*, 81 Ark. 579, 99 S. W. 839; *St. Louis, I. M. & S. Ry. Co.* v. *Williams*, 117 Ark. 329, 175 S. W. 411. . . .

"This appellant was attempting to board the train after it stopped and during the reasonable time it was supposed to stand for allowing passengers to embark, and the train was not expected to move, lurch or jerk in a way as to endanger her safety in so doing and she assumed no risk of injury therefrom, as the instruction erroneously told the jury. . . ."

And in *St. Louis, I. M. & S. Ry. Co.* v. *Stell*, 87 Ark. 308, 112 S. W. 876, this court in an opinion by the late Justice HART, said: ". . . it has been held that under § 6773 of Kirby's Digest (now § 11138, Pope's Digest), placing responsibility upon railroads where injury is done to persons or property by the running of trains, a *prima facie* case of negligence is made out against the company operating the train by the proof of the injury. This was a case where the passenger was injured while getting off the train. But there is no difference in the principle as applied to passengers embarking or debarking from a train. The reason of the rule is that the railroad company has sole control of the movement of its trains and in that respect the passenger can do nothing to insure his personal safety."

Under the testimony above abstracted, it is our view that appellant has made out a *prima facie* case of negligence and that the trial court erred in taking the case from the jury. According to the testimony presented

appellant was injured while attempting to debark from the train after it had stopped at Okolona for that purpose. Under such circumstances any movement of the train, however slight, might be such as to cause an injury and amount to negligence on the part of the railroad company. After appellant established by substantial testimony that he was injured while attempting to alight from appellee's train, by movement or jerking of the train, a *prima facie* case of negligence, as has been indicated, was made out and it devolved upon appellee to show that it was not guilty of negligence under the circumstances.

The cases cited and relied upon by appellee: *Missouri Pacific Rd. Co.* v. *Baum,* 196 Ark. 237, 117 S. W. 2d 31; *Missouri Pacific Transportation Co.* v. *Bell,* 197 Ark. 250, 122 S. W. 2d 958; and *St. Louis-S. F. Ry. Co.* v. *Porter,* 199 Ark. 133, 134 S. W. 2d 546, are not controlling here. In each of those cases the facts are different and a different rule applies.

In the Baum and the Porter cases the injured passenger had safely boarded the train and it was held that before a recovery could be had, it was necessary to show some unusual, violent and unnecessary lurch or jerk of the moving train not assumed by the passenger which would amount to negligence on the part of the railroad company, and that no such negligent conduct had been established.

In the Bell case the plaintiff was attempting to alight from a bus and in so doing fell in the aisle and was injured when the bus stopped, which Bell contended was occasioned by an "unusual, unnecessary or a violent jerk," and it was there said: "It is undoubtedly true that appellee fell in the bus, and it may be true that she was injured in the fall, but the proof fails to show that it was the result of the second stopping, or that the second stopping, if any, was sudden, unnecessary or violent, and these were the grounds of negligence relied on in the complaint and without proof of which no recovery can be sustained."

For the error indicated, the judgment is reversed, and the cause remanded for a new trial.