Missouri Pacific Railroad Company, Thompson,

Trustee, *v.* Jones.

4-6736       162 S. W. 2d 38

Opinion delivered May 11, 1942.

*Henry Donham* and *Pat Mehaffy,* for appellant.

*John H. Wright* and *J. H. Lookadoo,* for appellee.

Greenhaw, J. Appellee sued appellant to recover damages for personal injuries which he claims to have received at Okolona, Arkansas, April 3, 1940, while alighting from a mixed freight and passenger train operated by appellant. Appellee, a passenger on the train, claims that after the train stopped and while he was descending the steps the train gave a sudden jerk or lunge, causing him to fall down the steps and onto the station platform, resulting in injuries hereinafter described.

This is the second appeal in this case, the first appeal having been decided by this court April 28, 1941. *Jones* v. *Missouri Pacific Railroad Company, Thompson, Trustee,* 202 Ark. 333, 150 S. W. 2d 742. Reference is made to the opinion of this court on the first appeal for a statement of the facts with reference to the cause of appellee's alleged injury, since appellee's evidence on the second trial of the case is practically the same as that set forth in the first opinion. In it this court held that appellee had made a *prima facie* showing of negligence, and the cause was reversed and remanded for a new trial, the lower court having directed a verdict for defendant at the conclusion of plaintiff's testimony.

Appellant offered evidence in the second trial to the effect that there was no sudden jerking or lunging of the train which caused appellee to be thrown down the steps, and also offered evidence by the train crew that the brakes and other equipment of the train were in good condition at the time of the alleged injury. Evidence of appellant and appellee as to whether the train gave a suddent lunge or jerk was in direct conflict. This was a question of fact for the jury, and since there was substantial testimony that there was a sudden movement of the train as appellee was alighting, the verdict of the jury is conclusive as to the question of negligence.

A verdict for $2,000 was rendered in favor of appellee, upon which judgment was entered and from which is this appeal. Appellant has cited a number of errors as grounds for reversal of this cause. We do not think that any of the assignments of error are tenable except that the verdict is excessive.

The evidence shows that appellee at the time of his alleged injury was 27 years of age and was a day laborer and farmer. He testified that when he fell he landed on his shoulder and hip, and was unconscious for a few minutes; that he suffered a great deal of pain and that his left leg has caused him considerable trouble. He used two crutches for about three weeks, and one for about seven weeks. After the accident he farmed until he laid by his crop, and he worked in the timber business during 1941.

H. B. Stitt, who was with appellee and who left the train immediately before appellee fell, testified substantially as did appellee, and stated that appellee bled after the fall.

Appellee was taken to the office of Dr. J. C. Alford, a practicing physician in Okolona, who examined him and administered treatment. Dr. Alford testified that he did not find anything in the nature of an injury except a small skinned place on appellee's knee, and the muscles of his back seemed to be contracted. No bones were broken, and there was nothing in his condition that would disable him from working. The doctor further testified that appellee

had varicose veins in both legs, those in his right leg being larger than those in the left leg which appellee claimed was injured. He gave appellee a hypodermic because appellee said he was in pain.

The day after the accident appellee consulted Dr. R. L. Bryant of Arkadelphia, who examined him and thereafter treated him a few times. Dr. Bryant testified that there was a bruise or contusion on the left shoulder and hip, with abrasions of the left knee. He found that appellee's left leg was smaller than his right. He X-rayed the pelvis and small of the back, and the X-rays showed a disturbance in the left sacro-iliac joint. He further testified that he could not tell from the X-ray pictures when the plaintiff was injured, or whether it was an old or a new injury, and that the varicose veins and other injuries complained of could have been caused from heavy lifting. He testified that appellee had probably had varicose veins for a number of years.

Dr. Bryant did not see appellee for a period of several months. A short time before the trial he again examined him, and stated that appellee's condition had improved, but that there was some paralysis in the left knee and leg, and in his opinion he would never again be able to do hard manual labor.

Dr. Bryant was asked to give appellee the reflex test on both legs in the presence of the jury, and when this was done it was shown, and the doctor so testified, that the reflex of the left leg was more pronounced than that of the right. He admitted that paralysis of the nerve of the left leg would cause the reaction of that leg to be less than the reaction of the right leg.

Dr. Alford further testified that he saw appellee walk the day of the trial, and in his opinion he was not hurt at all.

According to the testimony of appellee and others, for some months prior to the trial appellee had been engaged in performing manual labor incident to the timber business which no doubt he could not have done had he sustained the serious and enduring injuries which it was contended he received.

We have carefully considered all of the evidence pertaining to the nature of appellee's injury, and have concluded that the verdict was excessive, and that the evidence in this case does not sustain a judgment for more than $500.

The judgment is, therefore, modified by reducing it to $500, and as thus modified is affirmed.

MEHAFFY, J., not participating. HUMPHREYS, J., dissents from the reduction.