ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.* BOSTIC.

Opinion delivered December 6, 1915.

1. DAMAGES—NEGLIGENCE—PUNITIVE DAMAGES.—In an action for damages resulting from personal injuries, mere negligence, however gross, will not warrant the imposition of punitive damages.

2. DAMAGES—WILFUL NEGLIGENCE—PUNITIVE DAMAGES.—Punitive damages may be imposed where plaintiff, a passenger, was pushed from a moving train in the night time, over his protest, such conduct involving the element of wilfullness and wantonness.

3. RAILROADS—INJURY TO PASSENGERS BY OPERATION OF TRAIN—PRESUMPTION.—Where the proof shows, in a personal injury action, that the appellee, a passenger on defendant's train, was injured by the operation of a train, a *prima facie* case of negligence is made out.

4. EVIDENCE—PERSONAL INJURY ACTION—TESTIMONY OF PHYSICIAN.—In an action for damages due to personal injuries, a statement by a physician that plaintiff told him that he was spitting blood some months after the injury, is inadmissible, when the physician had no first hand information that that was the case.

Appeal from Cross Circuit Court; *W. J. Driver,* Judge; reversed.

*Gordon Frierson* and *Troy Pace,* for appellant.

1. It was error to give instruction No. 2. It was abstract and prejudicial. There is no presumption of injury against defendant in cases of damages for injuries. 67 Ark. 55; 76 *Id.* 430; 82 *Id.* 289; 83 *Id.* 6; 111 *Id.* 613; 75 *Id.* 479; 64 *Id.* 613; 70 *Id.* 481.

2. The burden is on plaintiff to prove negligence. 34 App. Cases (D. C.) 41; 202 Mo. 576; 112 Ala. 642; 114 S. W. 186; 154 Ill. 523; 126 Ill. App. 189; 108 S. W. 1044; 173 Mo. 75; 140 Ill. 486; 206 *Id.* 318; 181 Mass. 3.

4. It was error to allow Dr. Lipsey to testify as to statements made by plaintiff to him. 92 Ark. 472; 76 Wis. 35; 88 Mich. 598.

*J. C. Brookfield,* for appellee.

1. There is no error in instruction No. 2. *Res ipsa loquitur.* 86 Ark. 81; 57 *Id.* 429; 54 *Id.* 209; 86 *Id.* 82; 89 *Id.* 588; 100 *Id.* 300; 43 S. E. 443; Hale on Torts, 48, 49; 75 Ark. 491.

2. The instructions, as a whole, are the law. But if not, the judgment is right on the whole case. 86 Ark. 82.

3. The testimony of Dr. Lipsey was on cross-examination and not prejudicial.

SMITH, J. Appellee was a passenger on one of appellant's passenger trains on September 4, 1914, on his way from Wynne to the station of Levesque. The complaint alleges "that plaintiff was a passenger on defendant's train. That just prior to reaching Levesque an employee of the defendant engaged in the operation of the train came to the plaintiff and requested him to be upon the steps ready to alight when the train reached the station. That the train did not stop at the said station." It was further alleged that appellant stood on the steps as the train approached the station of Levesque, but that the train did not stop at said station, whereupon appellant's employee "directed plaintiff to alight from the moving train, and when plaintiff did not comply with the request of said employee, said employee forced him from the said train while it was yet moving and after it had passed the station and into a fence or cattle guard, and that plaintiff thereby received great injuries," etc. It was further alleged that the act of the servant in so forcing appellee from the train was done wilfully, wantonly and with total disregard of appellee's rights or of the consequences of so forcing him from said train.

Appellee testified in his own behalf and offered other evidence in support of the allegations of his complaint, and the proof on his part tended to show that the train overran the station about seventy-five yards, and that

appellee was shoved from the train while it was still in motion. He testified that in falling he undertook to throw himself out from under the train, and in doing so fell into a cattle guard and sustained very serious injuries.

Upon the part of appellant it was shown that the train passed this station at about 4 o'clock in the morning and that there was a very heavy fog, which made it difficult for the engineer to see the platform opposite which the train stopped at Levesque, and that the train overran the platform a distance of only about a car and a half in length. And appellant's proof was further to the effect that the brakeman, who was standing near appellee, not only did not shove him off of the steps, but insisted that he should not try to alight until the train had come to a standstill and that he assured appellee that the train would stop at that station. Levesque was not a city or town but only a flag stop for this train.

Appellee recovered judgment for both compensatory and punitive damages.

Over the objection of appellant the court gave the following instruction, numbered 2:

"If you find from a preponderance of the evidence that the plaintiff was injured by the operation of a train on defendant's line of railroad, then this would amount to *prima facie* negligence, and your verdict should be for plaintiff for compensatory damages unless you find from the evidence that the plaintiff was at the time of the alleged injury guilty of contributory negligence."

Dr. Lipsey testified on behalf of appellee, that he attended him in a professional capacity shortly after his injury, and that he had again examined him on the day before the trial. He testified that when first called upon to treat appellee he found him spitting blood, but stated that this might have been attributable to the fact that one of appellee's upper jaw teeth had been knocked out in his fall, but he expressed the opinion that appellee had not sustained any other permanent injury, except the loss of his tooth. Upon his cross-examination he was asked about appellee's condition at the time of his last examination and in this connection made the state-

ment that appellee had told him that he continued to spit up blood. He had no knowledge on this subject, however, except appellee's statement. A motion was made to exclude appellee's statement to the doctor in regard to spitting up blood, and an exception was saved to the refusal of the court to strike it from the record.

(1-2)   We think the question of punitive damages was properly submitted under the facts of this case. It is, of course, settled that mere negligence, however gross, will not warrant the imposition of punitive damages, but the act of appellant's servant here complained of was not one of mere negligence. If it be true that appellee was pushed from a moving train in the night-time over his protest, such conduct involves the element of wilfulness and wantonness, and conscious disregard of consequences likely to follow such action, and such conduct warrants the imposition of punitive damages.

Two objections are made to the instructions set out above. The first of these is that it tells the jury that, if they found from a preponderance of the evidence that appellee was injured by the operation of the train, this would amount to *prima facie* negligence, and their verdict should be for the appellee for compensatory damages, unless they found that appellee was guilty of contributory negligence. This instruction left appellant no defense except that of contributory negligence and told the jury to find for appellee if they did not find he was guilty of contributory negligence. Notwithstanding the fact that appellee was entitled, under the view of the majority of the court, to have the jury told that there was a presumption of negligence in his favor, yet this presumption was subject to be rebutted by appellant, and a very earnest attempt was made to do so. The employee who was said to have shoved appellee from the train was the brakeman, and it was testified by him that he, not only did not shove appellee from the train, but directed him to wait until it had stopped before alighting. This instruction does not leave the jury to pass upon the truthfulness of this statement, whereas, if that evidence was true, its effect would be to rebut the presumption of negli-

gence. The jury here might have found that appellee was injured by stepping from the train before it came to a stop, but that he was not knocked from the train, and may have interpreted the court's instruction to mean that if appellee was thus injured he could recover, provided he was not guilty of contributory negligence, thus leaving out of account the effort made by the appellant company to show that it was not responsible for appellee's debarkation from the train.

(3) The majority of the court are of opinion that the jury was correctly told that, if the proof showed that appellee was injured by the operation of the train, this would be *prima facie* evidence of negligence, and that under the pleadings and evidence in this case the statutory presumption of negligence, arising from proof of injury by the running of a train, was properly invoked.

I do not concur in this view, as the cause of action stated and proved is that appellant's employees wrongfully shoved appellee from the train. It is no doubt true that the injuries following this act were aggravated by the fact that the train was in motion, but still the proximate cause of appellee's injury was the act of the brakeman in shoving him from the train. A great many cases have been before this court involving the application of the presumption of negligence resulting in injury from the running of trains. Among such cases have been those involving derailments, collisions, falls on or off trains which were caused by their movement, the premature starting and stopping of trains, and injuries to persons not upon trains but injured by their operation, in all of which cases it has been uniformly held that, upon proof of an injury so caused, the presumption of negligence arose. Upon the other hand, there have been numerous cases involving assaults by employees, and suits for wrongful ejection, but in none of those cases, where the proximate cause of the injury was not the operation of the train, has there been any attempt to invoke the aid of the presumption of negligence arising from proof of an injury caused by the running of trains. The proximate cause of this injury was the wrongful act of the brakeman

in shoving a passenger from the train, and the movement of the train merely increased the injury and damage resulting from this act. But there is no more reason for invoking this presumption, under those circumstances, than there would have been, had the brakeman assaulted the passenger, without knocking or shoving him from the train.

(4) We think the court should have excluded the evidence of Dr. Lipsey to the effect that appellee had told him that he was spitting blood. This was not testimony to show any physical manifestation of pain or suffering, but was a mere repetition of a self-serving statement, as the doctor did not claim to have any information on this subject at the time the statement was made to him. This statement was made just a day or two before the trial and some months after the injury. It was, of course, competent for appellee to so testify, but that fact did not make it permissible for the doctor to repeat this self-serving statement. Nor do we think it makes any difference that this evidence was brought out upon the cross-examination of the witness. The witness had not been asked about any statement made by appellee, but was being interrogated as to his own observation.

For the errors indicated the judgment will be reversed and the cause remanded.

The Chief Justice and Mr. Justice Kirby dissent from so much of the opinion as holds that error was committed, while Mr. Justice Hart agrees with me, that the facts of this case do not warrant the application of the statutory presumption of negligence rising from the running of a train.

McCULLOCH, C. J., (Dissenting). Plaintiff was injured while he was alighting from the train at his destination, and the first part of instruction No. 2 was correct in stating that that state of facts constitutes a *prima facie* case of negligence on the part of the defendant. *K. C. So. Ry. Co.* v. *Davis,* 83 Ark. 217. The fact that the act of the trainman in pushing the plaintiff from the train contained the element of wilfulness does not lessen the force of the presumption against the company or prevent

its operation. The case of the plaintiff was therefore made out when he proved that he was injured while alighting from the train, and it then devolved on the defendant to exculpate itself from the charge of negligence.

Instruction No. 2 was technically incorrect in saying that when the *prima facie* case of negligence is established the verdict should be for the plaintiff unless the plaintiff himself was guilty of contributory negligence. It is true that the instruction cut off the right of the defendant to rebut the presumption of negligence by showing that its servants were not in fact guilty of any negligence which caused the plaintiff's injury, but it seems to me that this inaccuracy in the instruction was harmless in view of the issues in the case. There was a sharp conflict between the testimony adduced by the plaintiff and that adduced by the defendant. On one side the testimony tended to show that plaintiff's injury occurred wholly on account of the wrongful act of one of the trainmen in first directing the plaintiff to jump from a moving train and then in pushing him off when he declined to jump. On the other hand, the testimony adduced by the defendant was to the effect that the plaintiff voluntarily jumped from the train. Now, in that state of the testimony the jury had to find either that one side or the other was free from negligence. There was no middle ground, and the verdict of the jury necessarily means that the injury was caused by the wrongful act of the trainmen and that the plaintiff was free from fault. In other words, under the language of instruction No. 2, the jury had to acquit the plaintiff of contributory negligence in order to find in his favor, and since their finding was in favor of the plaintiff it is necessarily implied that the fault was that of the trainmen and not of the plaintiff himself. Such being the case, it seems to me that the error in instruction No. 2 was one merely in form, so far as concerns the effect in this case, and that it was not prejudicial.

The testimony of Dr. Lipsey was drawn out on cross-examination by defendant's counsel, and for that reason, if for no other, it should not call for a reversal of the

judgment. Moreover, the statement of Dr. Lipsey is clearly immaterial, for he had been allowed to testify without objection about plaintiff spitting blood which came from a broken tooth and he said that it wasn't anything serious. His statement about what the plaintiff said to him was spoken merely as an incident in answering the question of defendant's counsel, and it did not relate to a matter which the doctor thought was at all serious.

I think that the record is free from any prejudicial error, and that the judgment should be affirmed.

KIRBY, J., concurs.